IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60669
Summary Calendar

_____


WILLIAM E. ANDERSON,

                                        Plaintiff-Appellant,

versus

WALTER BOOKER, Superintendent at
Parchman; ANN LEE, Director -
Offender Services - Mississippi
Department of Corrections; JIMMY PARKER,
Supervisor-Case Manager-Unit 32;
EARL JACKSON, Supervisor-Case Manager-Unit 29;
ANDREW HAWKINS, Director-Alcohol and Drugs -
Unit 26; JOAN ROSS, Director-Disciplinary-
Mississippi Department of Corrections;
EUGENE BOOKER, Lieutenant-Disciplinary
Committee- Unit 29,

                                        Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 4:99-CV-57-B-B
--------------------
May 30, 2000

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

        William E. Anderson, Mississippi Prisoner no. 13682, appeals

the district court's denial of his Rule 60(b) motion for

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

reconsideration of its denial of his 42 U.S.C. § 1983 prisoner civil rights claim.  Anderson's motion to supplement his appellate brief is granted to the extent that he submits supplemental arguments and legal authority and denied to the extent that he submits additional evidence.

Anderson's first attempted notice of appeal is ineffective. See Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987); see also Page v. DeLaune, 837 F.2d 233, 236-37 (5th Cir. 1988). Anderson's second notice of appeal is timely only as to the denial of his second post-judgment motion; review is for abuse of discretion.  See Seven Elves, Inc. v. Eskenazi, 635 F.2d 396, 402 (5th Cir. 1981); see also Travelers Ins. Co. v. Liljeberg Enterprises, Inc., 38 F.3d 1404, 1408 (5th Cir. 1994).  We find none.

To the extent that Anderson asserted a claim based upon involuntary servitude, the district court correctly determined that the imposition of forced labor upon Anderson does not violate the Thirteenth Amendment.  Watson v. Graves, 909 F.2d 1549, 1552 (5th Cir. 1990).  To the extent that Anderson asserts due process claims for loss of good time credits and/or loss of privileges or imposition of punishment other than the loss of good-time credits, his claims are barred by Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), and Sandin v. Conner, 515 U.S. 472, 484 (1995).  Because Anderson's claims lacked merit, the district

court did not abuse its discretion by refusing to grant his second Rule 60(b) motion.

AFFIRMED; MOTION TO SUPPLEMENT GRANTED IN PART AND DENIED IN PART.