IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40425
Summary Calendar
_____

MICHAEL K. CHANGES, ET AL,

                                              Plaintiffs,

BERTRAND BROWN,

                                       Plaintiff-Appellant,

versus

CAROL VANCE, Chairman Texas Board of Criminal Justice; WAYNE
SCOTT, Director, Texas Department of Criminal Justice
Institutional Division; TIMOTHY WEST, Warden; CAREY STAPLES,
Assistant Warden; GARLAND FLAKES, Assistant Warden; TROY SIMPSON,
Major; JACK MANGRUM, Captain; BILLY FOREST, Lieutenant; JOHN DOE,
#1, #2, #3, #4; JOHN ALLEN, Lieutenant,

                                       Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:95-CV-1110
--------------------
June 16, 2000

Before GARWOOD, DeMOSS, AND PARKER, CIRCUIT JUDGES.

PER CURIAM:[*]

     Bertrand Brown, Texas prisoner # 296134, appeals the

district court's dismissal of his 42 U.S.C. § 1983 action as

frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

     This court has a duty, *sua sponte*, to determine whether it

has appellate jurisdiction.  Mosley v. Cozby, 813 F.2d 659, 660

(5th Cir. 1987).  A notice of appeal in a civil case is required

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

to be filed within 30 days of the date of entry of the judgment. Fed. R. App. P. 4(a).

Because the final judgment was entered in this case on December 22, 1998, Brown had until January 21, 1999, to file his notice of appeal. The earliest indication of a notice of appeal being filed by Brown is in the Clerk's letter stating that it had received his out of time notice of appeal on February 24, 1999. The document that was treated as Brown's notice of appeal in this case was received in this court and thus considered filed on March 23, 1999. Either date is too late for the documents filed to be considered as a timely notice of appeal. Brown's appeal is DISMISSED for lack of appellate jurisdiction.

Further, given the frivolity of the underlying lawsuit, the obvious lateness of his notice of appeal filed in the wrong court, and the fact that this appeal has been pending on the docket of this court since March 1999 due to Brown's failure to make the necessary financial arrangements, we also DISMISS this appeal as frivolous pursuant to 5th Cir. R. 42.2. This dismissal shall count as a strike under 28 U.S.C. § 1915(g), in addition to the strike for the district court's dismissal as frivolous. See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).

APPEAL DISMISSED.