IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-40664
Summary Calendar
_____


TERRY L. BROWN,

                                        Plaintiff-Appellee,

versus

JOE E. KING, Etc.; ET AL.,

                                        Defendants,

R. A. GARCIA, Warden;
WILLIAM STEPHENS, Assistant Warden;
DUC VAN TRAN, DR.,

                                        Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. G-98-CV-128
--------------------
December 12, 2001
Before DeMOSS, PARKER and DENNIS, Circuit Judges

PER CURIAM:[*]

     R.A. Garcia, William Stephens, and Dr. Duc Van Tran appeal
from the denial of their motion for summary judgment in this
action under 42 U.S.C. § 1983 brought by Texas inmate Terry
Brown.  They argue that the magistrate judge erred by denying
their summary judgment motion on the merits of their qualified
immunity defense.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

We must determine the basis of our jurisdiction, on our own motion, if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). "[O]rders denying qualified immunity are immediately appealable only if they are predicated on conclusions of law, and not if a genuine issue of material fact precludes summary judgment on the question of qualified immunity." Palmer v. Johnson, 193 F.3d 346, 351 (5th Cir. 1999). With respect to Tran, as noted by the magistrate judge, we perceive the existence of a material issue of fact that precludes summary judgment based on qualified immunity. Accordingly, we DISMISS the appeal as to Tran for want of jurisdiction.

Although the magistrate judge also noted the existence of disputed issues of material fact as to Garcia and Stephens, these appellants argue on appeal that as a matter of law they are entitled to qualified immunity because they relied on the reports and recommendations of trained grievance investigators in denying Brown's grievances. We agree with Garcia and Stephens that this argument, if accepted, would render immaterial any remaining factual disputes, and thus we have jurisdiction over their appeal. However, after reviewing both the summary judgment motion submitted by Garcia and Stephens as well as their reply brief on summary judgment, we conclude that this argument was not raised in the court below.

Because Garcia and Stephens raise this issue for the first time on appeal, it is reviewed only for plain error. See Highlands Ins. Co. v. National Union Fire Ins. Co., 27 F.3d 1027, 1031-32 (5th Cir. 1994)(applying, in civil case, plain-error

analysis of <u>United States v. Olano</u>, 507 U.S. 725 (1993)).  Plain error must be clear or obvious and must affect the appellant's substantial rights.  <u>United States v. Calverley</u>, 37 F.3d 160, 162-64 (5th Cir. 1994)(en banc).  In such a situation, the court has the discretion to correct errors that seriously affect the fairness, integrity, or public reputation of judicial proceedings.  <u>Id.</u>  Garcia and Stephens admit in their brief to this court that it is not clear whether a prison warden may have liability for accepting the conclusion of a grievance investigator, and thus we conclude that there has been no plain error in the court below.  We therefore decline to consider the argument raised for the first time on appeal.  Accordingly, we AFFIRM the denial of qualified immunity as to Garcia and Stephens.

DISMISSED IN PART AND AFFIRMED IN PART.