United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-50614
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ABEL FLORES-SOLIS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:03-CR-138-ALL
--------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

The Federal Public Defender appointed to represent Abel Flores-Solis (Flores) has moved for leave to withdraw and has filed a brief as required by Anders v. California, 386 U.S. 738 (1967). Flores has not filed a response.

This court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Article III, § 2 of the Constitution limits federal court jurisdiction to actual cases and controversies. Spencer v. Kemna, 523 U.S. 1, 7 (1998). The case-or-controversy requirement

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

demands that "some concrete and continuing injury other than the now-ended incarceration or parole -- some 'collateral consequence' of the conviction -- must exist if the suit is to be maintained." Id.

Flores has served the sentence that was imposed upon the revocation of his supervised release. The order revoking Flores's term of supervised release imposed no further term of supervised release. Accordingly, there is no case or controversy for this court to address, and the appeal is dismissed as moot. Counsel's motion to withdraw is denied as unnecessary.

MOTION DENIED AS UNNECESSARY; APPEAL DISMISSED.