Marion Ray MOSLEY,
Plaintiff-Appellant,

v.

Officer M.D. COZBY, et al.,
Defendants-Appellees.

No. 86–1832.

United States Court of Appeals,
Fifth Circuit.

March 23, 1987.

Marion Ray Mosley, pro se.

Before CLARK, Chief Judge, GARWOOD and ROBERT MADDEN HILL, Circuit Judges.

BY THE COURT:

This Court must examine the basis of its jurisdiction, on its own motion, if necessary. *Thompson v. Betts*, 754 F.2d 1243, 1245 (5th Cir.1985). An examination of this case discloses no effective notice of appeal.

Plaintiff Mosley filed suit against one named and two "John Doe" Dallas policemen. He alleged that they violated his civil rights by falsely arresting him on September 15, 1983. He asked for declaratory relief and $750,000 in damages. Prior to service, the district court, by order entered July 21, 1986, dismissed the complaint, holding that the suit is a challenge to the legality of the conviction and that Mosley must first exhaust state remedies; the court also held that the complaint is barred by the statute of limitations. The order directed that the defendants be served with a copy of the complaint and of the order. Mosley responded to the dismissal order by filing on August 19, 1986 a pleading denominated "Motion to Reconsider Order or in the Alternative, Motion for Leave to Take an Interlocutory Appeal In Forma Pauperis." There is no indication that this motion was served on any party. The motion is dated August 1, 1986. The district court took no action respecting this motion. On September 29, service was effected and returned on the one individually named defendant. On November 10, 1986, Mosley filed a request for a hearing on his August 19 motion, pointing out that the court had not acted on it. On November 17, 1986, the court issued a Fed.R.App.P. 24 certificate, stating that the appeal is not taken in good faith, is frivolous, and that Mosley is a pauper.

The August 19 motion seeks, alternatively to reconsideration, permission for an interlocutory appeal. A document filed in the period prescribed by Fed.R. App.P. 4(a)(1) for taking an appeal should be construed as a notice of appeal if the document "clearly evinces the party's intent to appeal." *Cobb v. Lewis*, 488 F.2d 41, 45 (5th Cir.1974) (quoted in *Briggs v. Procunier*, 764 F.2d 368, 370 (5th Cir. 1985)). Because the primary relief sought in Mosley's August 19 pleading is reconsideration, and leave to appeal is sought only if reconsideration is denied, we conclude that the document does not "clearly evince[ ] [his] intent to appeal." We reached the same conclusion regarding a similar document in our unpublished opinion in *Schoemaker v. Evans*, 787 F.2d 586 (5th Circuit 1986).

We observe that the July 21, 1986 order of dismissal may not comply with Fed.R. Civ.P. 58's requirement that a judgment be entered on a "separate document." The order recites background procedural information, the reasons for dismissal, and citations of authority, in addition to language dismissing the case. *See* 6A J. Moore & J. Grotheer, *Moore's Federal Practice* ¶ 58.02 at 58–15 to 58–17 (2d ed. 1986). Rule 58 provides that: "A judgment is effective only when so set forth [on a separate document]...." We also note that the district court has not ruled on Mosley's August 19 motion for reconsideration. When the court does rule, Mosley may then appeal if the motion is denied. We do not now have

occasion to determine if the July 21 order's possible noncompliance with Rule 58 (and the fact that no other parties had appeared or been served until September 29) dictates treatment of Mosley's motion as one under Rule 59(e) instead of Rule 60(b), notwithstanding that the motion was not filed until August 19 (and was not served).  In other words, we do not determine whether such an appeal would be from the July 21 dismissal itself or from the denial of Rule 60(b) relief in respect thereto.  Nor do we determine what effect under Fed.R.App.P. 4(a)(4) would have ensued if the August 19 motion were a timely Rule 59(e) motion and if it had clearly evidenced an intent to appeal.  *See Harcon Barge Co. v. D & G Boat Rentals, Inc.*, 784 F.2d 665, 667 (5th Cir.) (en banc), *cert. denied*, — U.S. —, 107 S.Ct. 398, 93 L.Ed.2d 351 (1986).

APPEAL DISMISSED.