IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-30630
_____

GHULAM MOHAMMED NASIM,

                                        Petitioner-Appellant,

versus

DORIS MEISNER; NANCY L. HOOKS; JANET RENO;
LYNNE UNDERDOWN; R. MILES, Warden,

                                        Respondents-Appellees.

_____

No. 97-0114
_____

IN RE: GHULAM MOHAMMED NASIM,

                                        Petitioner.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 96-CV-2330
--------------------

October 6, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

        The district court has determined that Ghulam Mohammad Nasim
(#57187) is not entitled to habeas relief and Nasim's appeal from
the district court's judgment has been dismissed.  Nasim v.

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Meisner, No. 97-31140 (5th Cir. June 9, 1999) (unpublished).
This court must examine the basis of its jurisdiction on its own
motion if necessary.  Mosley v. Cozby, 813 F.2d 659, 660 (5th
Cir. 1987).  For jurisdiction under Article III of the
Constitution, this court must have before it an actual case or
controversy at the time it issues its decision.  United States
Parole Comm'n v. Geraghty, 445 U.S. 388, 396 (1980).  "[A] case
is moot when the issues presented are no longer 'live' or the
parties lack a legally cognizable interest in the outcome."
Powell v. McCormack, 395 U.S. 486, 496 (1969).  To the extent
that they pertain to the legality of his detention and
deportation by the Immigration and Naturalization Service, the
issues presented in Nasim's petition for a writ of mandamus and
outstanding motions no longer pertain to a live controversy and
are, therefore, moot.  Because they are moot, we lack
jurisdiction to consider those issues.

The appeal in number 97-30630 is from the district court's
order denying Nasim's motion for reconsideration of the district
court's order dated May 14, 1997.  To the extent that they do not
pertain to moot issues, Nasim's conclusional arguments are
insufficient to show that the district court abused its
discretion in denying the motion for reconsideration.

Because the appeal is frivolous, it is DISMISSED.  Howard v.
King, 707 F.2d 215, 219-20 (5th Cir. 1983); 5th Cir. R. 42.2.

Nasim's petition for a writ of mandamus and all outstanding

motions[**] are DENIED.

APPEAL DISMISSED; PETITION FOR A WRIT OF MANDAMUS DENIED;

MOTIONS DENIED.

---

[m] This court previously held a number of motions and a petition for mandamus in abeyance. See Nasim v. Meisner, No. 97-30630 (5th Cir. Nov. 1, 1997) (unpublished). Subsequently, Judge Benavides granted Nasim's motion to consolidate the instant appeal, number 97-30630, and the petition for a writ of mandamus, number 97-00114. Nasim v. Meisner, No. 97-30216 (5th Cir. Mar. 16, 1998) (single-judge order). Nasim was ordered to file all submissions, bearing any relationship to the action in the district court, in case number 97-30630. Id.

In addition to the petition for a writ of mandamus, the following motions are pending before the court:

1.    Motion to supplement record (filed April 8, 1998).

2.    Motion for extension of time to file appeal brief after appointment of counsel (filed April 6, 1998).

3.    Motions for sanctions and declaratory judgment (filed March 26, 1998).

4.    Motion for immediate release (filed March 4, 1998).

5.    Motion to supplement the record (filed February 11, 1998).

6.    Motion for leave to supplement the record (filed February 19, 1998).

7.    Motion to compel production of documents and audiotapes (filed January 8, 1998).

8.    Motion for appointment of counsel (filed December 10, 1997).

9.    Motion for immediate release (filed December 8, 1997).

10.   Motion for appointment of counsel and to consolidate appeals (filed June 16, 1997).