IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-10299
Summary Calendar
_____

GARY ANTHONY COLE,

Plaintiff-Appellant,

versus

DON E. PEAVY, SR., Attorney,

Defendant-Appellee.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:98-CV-838
- - - - - - - - - -
August 10, 2000

Before REYNALDO G. GARZA, SMITH, and PARKER, Circuit Judges.

PER CURIAM:[*]

Gary Anthony Cole, federal prisoner # 22707-077, appeals
from the district court's dismissal of his Bivens[**] action.  Cole
argued that his trial attorney, Don E. Peavy, Sr., failed to
assist him properly in his trial, failed to help him acquire
court records and transcripts, and conspired with federal
government officials (the district court judge, the United States

---

[*]  Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[**]  Bivens v. Six Unknown Named Agents of Fed. Bureau of
Narcotics, 403 U.S. 388 (1971).

Attorney, and the court reporter) to produce a fake transcript of his rearraignment.

This court must examine the basis of its jurisdiction on its own motion if necessary. <u>Mosley v. Cozby</u>, 813 F.2d 659, 660 (5th Cir. 1987). A timely notice of appeal is a prerequisite to the exercise of jurisdiction by this court. <u>United States v. Carr</u>, 979 F.2d 51, 55 (5th Cir. 1992). Pursuant to Fed. R. App. P. 4(a)(1)(A), in a civil case, the notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered." Rule 4(a)(1)(B) states: "When the United States or its officer or agency is a party, the notice of appeal may be filed by any party within 60 days after the judgment or order appealed from is entered."

Cole brought suit solely against his attorney, a private actor, not an officer or agent of the Government. Accordingly, Rule 4(a)(1)(A), not Rule 4(a)(1)(B), is applicable to Cole's case, and he had only 30 days from the entry of the district court's final judgment within which to file his notice of appeal. Cole did not file his notice of appeal until some 58 days after the entry of final judgment, making his notice untimely. Accordingly, Cole's appeal is DISMISSED for lack of jurisdiction.