IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-30358
Summary Calendar
_____

DIANNA DENISON WARNER,

Plaintiff-Appellee,

versus

DBI/SALA; ET AL,

Defendants,

MARCIA RICHMOND JOHNSON,
on behalf of Courtney Alexis Richmond,
natural tutrix,

Movant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 01-CV-1366
--------------------
October 15, 2002

Before DAVIS, WIENER and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Marcia Richmond Johnson appeals the district court's denial of her motion seeking intervention as of right or, alternatively, permissive intervention in accordance with FED. R. CIV. P. 24. This court must determine the basis of its jurisdiction on its

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). We have jurisdiction to entertain this appeal to the extent that Johnson is challenging the district court's denial of her motion seeking intervention as of right. Edwards v. City of Houston, 78 F.3d 983, 992 (5th Cir. 1996) (en banc). However, to the extent that Johnson is challenging the district court's denial of her motion seeking permissive intervention, we have jurisdiction over this appeal only if we determine that the district court abused its vast discretion in denying the motion. Id.

Johnson has not shown that the district court erred in denying her motion to the extent that she sought intervention as of right, as she has not shown that the ultimate disposition of the underlying suit that was instituted by Dianna Warner could impair or affect her ability to protect her interests. See Doe v. Glickman, 256 F.3d 371, 375-81 (5th Cir. 2001). Accordingly, the judgment of the district court is AFFIRMED to the extent that it denied Johnson's motion seeking intervention as of right.

Johnson has likewise not shown that the district court abused its discretion by denying her motion seeking permissive intervention on the basis that her presence in the underlying suit could prejudice Dianna Warner. See Ingebretsen v. Jackson Pub. Sch. Dist., 88 F.3d 274, 281 (5th Cir. 1996). Consequently, to the extent that Johnson seeks to appeal the district court's

denial of her motion seeking permissive intervention, her appeal is DISMISSED.

JUDGMENT OF DISTRICT COURT AFFIRMED IN PART AND APPEAL DISMISSED IN PART.