IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20704
Summary Calendar

_____

HOWARD JOHNSON,

Plaintiff-Counter Defendant-Appellant,

versus

CLARENCE O'NEAL BRADFORD; MICHAEL R. BURDICK; SERGEANT DESIMERLY;
D. ELDER;  HOUSTON POLICE DEPARTMENT NARCOTICS TASK FORCE UNIT
#19; SMITH, Detective; DOYLE, Detective; JOHN DOE I, Officer;
JOHN DOE II, Officer,

Defendants-Appellees,

DOUGLAS MACNAUL,

Defendant-Counter Claimant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CV-1660
--------------------
November 26, 2002

Before JONES, STEWART and DENNIS, Circuit Judges.

PER CURIAM:[*]

Howard Johnson, Texas state prisoner # 785828, is
appealing the district court's orders granting the defendants'
motions for summary judgment and dismissing his complaint.  This

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court "examine[s] the basis of its jurisdiction, on its own motion, if necessary." Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). The record raises a question regarding the timeliness of Johnson's notice of appeal, which requires a limited remand of the case to the district court for a determination of the date on which Johnson submitted for filing his notice of appeal.

The district court entered a final judgment on April 25, 2001, and Johnson's notice of appeal, which was undated, was not filed in the record until July 2, 2001. Thus, the appeal from the underlying judgment was not timely unless Johnson delivered the notice of appeal to prison officials for forwarding to the court by May 25, 2001. See Fed. R. App. P. 4(a)(1)(A).

On remand, the district court must determine whether Johnson's notice of appeal was deposited in the prison mailing system within 30 days of the entry of the order denying the postjudgment motions, which would be on or before June 25, 2001. See Houston v. Lack, 487 U.S. 266, 276 (1988).

This court retains jurisdiction over the appeal except for the purposes of the limited remand stated above.

**LIMITED REMAND FOR JURISDICTIONAL DETERMINATIONS.**