United States Court of Appeals
Fifth Circuit

**F I L E D**

June 5, 2003

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

**No. 02-41356
Summary Calendar**
_____

**RAYMOND BERNARD HUTCHISON,**

**Plaintiff-Appellee,**

**versus**

**THE CITY OF DAYTON, TEXAS; ET AL.,**

**Defendants,**

**RICHARD CRAIG McCOWN,**

**Defendant-Appellant.**

_____

**Appeal from the United States District Court
for the Eastern District of Texas
(1:01-CV-539)**

_____

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

For this civil rights action, pursuant to 42 U.S.C. § 1983, concerning an altercation arising out of the purchase of gasoline, Officer McCown appeals the partial denial of his summary-judgment motion (it was also granted in part), in which McCown contended he

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was entitled to qualified immunity from Hutchison's claim of unreasonable seizure under the Fourth Amendment.

This court must consider, *sua sponte* if necessary, the issue of its own jurisdiction. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). "To determine whether a denial of summary judgment based on qualified immunity is immediately appealable, this Court looks at the legal argument advanced. When [as here] a district court denies summary judgment on the basis that genuine issues of material fact exist, it has made two distinct legal conclusions: that there are 'genuine' issues of fact in dispute, and that these issues are 'material.'" *Reyes v. City of Richmond, Tex.*, 287 F.3d 346, 350-51 (5th Cir. 2002). Although our court lacks jurisdiction to review the district court's conclusion that issues are "genuine", we have jurisdiction to review its determination that issues are "material". *Id.* at 351. "An officer challenges materiality when he contends that 'taking *all* the plaintiff's factual allegations as true no violation of a clearly established right was shown.'" *Id.* (citation omitted).

Review of Officer McCown's numerous contentions reveals that he does not present the facts in the requisite light most favorable to Hutchison and his assertions assume facts different from those assumed by the district court. Officer McCown does not properly take into account the whole of Hutchinson's deposition, upon which the district court relied in denying qualified immunity for the

2

claim at issue. Contrary to Officer McCown's assertions, the district court properly considered the testimony. *See* FED R. CIV. P. 56(c), (e); *Bazan ex rel. Bazan v. Hidalgo County*, 246 F.3d 481, 490 (5th Cir. 2001).

Because Officer McCown's contentions amount to a challenge to the genuineness of the factual disputes in this action, this court lacks jurisdiction. *See **Reyes***, 287 F.3d at 351-52. Accordingly, McCown's appeal is **DISMISSED** for lack of jurisdiction and this action is **REMANDED** to the district court.

*DISMISSED; REMANDED*