United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-11070
Summary Calendar

_____

SCOTT ROMAINE RITTER,

                    Plaintiff-Appellee,

versus

COOK, Assistant Warden, ET AL.,

                    Defendants,

WAYNE SCOTT, Director; GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE, INSTITUTIONAL DIVISION,

                    Defendants-Appellants.

------------------------------------------------------------------

SCOTT ROMAINE RITTER,

                    Plaintiff-Appellee,

versus

D. B. MCELVANEY, SR., Warden, ET AL.,

                    Defendants,

GARY L. JOHNSON, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION; WAYNE SCOTT, Director, Executive,

                    Defendants-Appellants.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 1:00-CV-290-BG
USDC No. 1:00-CV-144-BG
--------------------

Before HIGGINBOTHAM, SMITH and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Scott Romaine Ritter, inmate # 731209 in the French M. Robertson Unit of the Texas Department of Criminal Justice (TDCJ,) filed a complaint pursuant to 42 U.S.C. § 1983 against 15 defendants including TDCJ Director Gary Johnson and TDCJ Executive Director Wayne Scott. Scott and Johnson appeal the denial of summary judgment on their claim that they are entitled to qualified immunity from Ritter's § 1983 action.

This court must raise, sua sponte, the issue of its own jurisdiction, if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). "When [as here] a district court denies summary judgment on the basis that genuine issues of material fact exist, it has made two distinct legal conclusions: that there are 'genuine' issues of fact in dispute, and that these issues are 'material.'" Reyes v. City of Richmond, Tex., 287 F.3d 346, 350-51 (5th Cir. 2002). This court lacks jurisdiction to review the district court's conclusion that issues are "genuine," but has jurisdiction to review the district court's determination that issues are "material." Id. at 351. "An officer challenges materiality when he contends that 'taking *all* the plaintiff's

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

factual allegations as true no violation of a clearly established right was shown.'" Id. (citation omitted).

Ritter sent letters to both Scott and Johnson describing the risk to his safety. The magistrate judge denied summary judgment because the evidence showed that Ritter's letters had been received and answered by Scott and Johnson and that they were aware of his claim of the risk to his safety. Scott and Johnson argue that there is no factual dispute that they were personally aware of Ritter's complaints. This is not so. Taking as true Ritter's allegations that he was at risk and that Scott and Johnson knew of the risk, it is not possible to conclude that their response to the risk was objectively reasonable under clearly established law.

As Scott and Johnson are challenging the genuineness of the factual dispute in this case, this court lacks jurisdiction over this appeal. See Reyes, 287 F.3d at 351-52. Accordingly, the appeal is DISMISSED for lack of jurisdiction and this matter is REMANDED to the district court.