United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-10341
Summary Calendar

_____

TIJANI AHMAD MOMOH,

                                        Petitioner-Appellant,

versus

BOARD OF IMMIGRATION APPEALS,

                                        Respondent-Appellee.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:02-CV-700-H
---------------------

Before JOLLY, JONES, and WIENER, Circuit Judges.

PER CURIAM:*

    Tijani Ahmad Momoh appeals the dismissal without prejudice

of his petition for a writ of mandamus.  Momoh is a citizen of

Nigeria who first entered the United States as a visitor in

August 1979.  Momoh was deported in 1981 and reentered the United

States later that year without permission.

    The Board of Immigration Appeals ("BIA") ordered Momoh

removed in 1998.  The district court denied Momoh's petition for

a writ of habeas corpus, and this court affirmed in March 2000.

---

    * Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

The BIA reopened Momoh's case to permit him to apply for protection under the Convention Against Torture ("CAT"). Momoh, however, withdrew his CAT application in January 2001. The order of removal was reinstated, and Momoh appealed to the BIA.

Prior to his receipt of the BIA's decision, Momoh filed a petition for a writ of mandamus in the district court. He sought an order for the BIA to issue a ruling in his case or for his release from immigration detention.

The district court concluded that Momoh was not entitled to mandamus relief. To the extent that Momoh was seeking habeas relief, the district court determined that Momoh had not exhausted administrative remedies. The district court dismissed the petition without prejudice by judgment entered March 5, 2003.

Momoh filed in this court on March 27, 2003, "Motion to Review Petitioner's BIA Decision by this Court." He sought review of the BIA's decision denying him relief from the order of removal. Momoh explained that the decision had been issued in January 2003 but that he had not received it. Momoh filed a petition for review of the BIA's decision, which is currently pending.

We must examine the basis of our jurisdiction sua sponte if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). The notice of appeal must designate the judgment or order that is appealed and must clearly evince an intent to appeal. See FED. R. APP. P. 3(c)(1)(B); Mosley v. Cozby, 813 F.2d 659, 660 (5th

Cir. 1987).  We construe a notice of appeal liberally to avoid technical barriers to review.  New York Life Ins. Co. v. Deshotel, 142 F.3d 873, 884 (5th Cir. 1998).  "'A mistake in designating orders to be appealed does not bar review if the intent to appeal a particular judgment can be fairly inferred and if the appellee is not prejudiced or misled by the mistake.'" Id.

Momoh's "Motion to Review Petitioner's BIA Decision by this Court" does not designate the district court's judgment and cannot be interpreted fairly to evince an intent to appeal that judgment.  The "Motion to Review Petitioner's BIA Decision by this Court" clearly sought review of the BIA's January 2003 decision.  There was no mistake in the designation of the order to be appealed, and jurisdiction was not conferred by Momoh's "Motion to Review Petitioner's BIA Decision by this Court."  Cf. Deshotel, 142 F.3d at 884.  Accordingly, the appeal is DISMISSED for lack of jurisdiction.