United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 23, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10889
Summary Calendar

_____

MICHAEL BIAS,

                              Plaintiff-Appellee,

versus

LESLIE WOODS; ET AL.,

                              Defendants,

NENITA SABATER,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:99-CV-33-R
--------------------

Before JONES, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

     Nenita Sabater brings this interlocutory appeal to challenge

the trial court's finding following a bench trial that she was

not entitled to qualified immunity in defense of the claims

brought against her by Michael Bias, Texas prisoner # 769345.

This court must raise, sua sponte, the issue of its own

jurisdiction, if necessary.  <u>Mosley v. Cozby</u>, 813 F.2d 659, 660

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

(5th Cir. 1987). We have jurisdiction of "appeals from all final decisions of the district courts." 28 U.S.C. § 1291. "[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment." Mitchell v. Forsyth, 472 U.S. 511, 530 (1985). The rationale of the Supreme Court in extending the collateral order doctrine to appeals from denials of qualified immunity was that the "entitlement is an *immunity from suit* rather than a mere defense to liability" and would be "effectively lost if a case [was] erroneously permitted to go to trial." Id. at 526. Mitchell was an appeal from a denial of qualified immunity raised in a motion for summary judgment. A district court's denial of summary judgment on the issue of qualified immunity "conclusively determines the defendant's claim of right not to *stand trial*" and that is the basis for the court's decision to allow an immediate appeal. Id. at 527.

That rationale does not apply in this case. Sabater has not avoided trial; she has already been adjudged liable for Bias's injuries, although damages have not yet been determined. "An order that determines the liability but leaves unresolved the assessment of damages is not final within the meaning of [28 U.S.C. §] 1291." Southern Travel Club v. Carnival Air Lines, Inc., 986 F.2d 125, 129-30 (5th Cir. 1993).

The policy of the final judgment rule against piecemeal and duplicative litigation, as embodied in 28 U.S.C. § 1291, is offended by Sabater's attempted appeal in this case. Matter of U.S. Abatement Corp., 39 F.3d 563, 567 (5th Cir. 1994). Sabater's arguments can be considered and reviewed in an appeal from any final judgment that follows the district court's assessment of damages. We therefore DISMISS this appeal for lack of jurisdiction.

Bias has moved for appointment of counsel and has filed two motions for leave to file an out-of-time brief. These motions are DENIED AS MOOT.