**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**December 5, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 03-40923

———————————

HUBERT T. GARLAND,

Plaintiff-Appellant,

versus

LARRY OLIVAREZ, SHERIFF; UNKNOWN NURSE;
JOHN DOE #1; JOHN DOE #2; JOHN DOE #3;
JOHN DOE #4; DOE #4; DOE #5; DOE #6; DOE
#7; DOE #8; DOE #9,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CV-299
--------------------

Before DUHÉ, WIENER, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Hubert T. Garland (Garland) appeals the dismissal of his civil rights complaint filed under 42 U.S.C. § 1983. Garland argues that the magistrate judge abused her discretion in dismissing his complaint for want of prosecution due to his failure to attend an evidentiary hearing.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court must determine the basis of its jurisdiction, on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). The timely filing of a notice of appeal is mandatory and jurisdictional. Smith v. Smith, 145 F.3d 335, 339 (5th Cir. 1998). Garland filed his notice of appeal well after the thirty-day period for timely filing of notice. FED. R. APP. P. 4(a)(1)(A). He filed no motion for extension of time. FED. R. APP. P. 4(a)(5). Even if this court construed Garland's notice of appeal to be a motion to reopen the time to file an appeal, the motion would be untimely. Garland's motion was not filed within 180 days after the entry of judgment or within seven days of his learning of the entry of judgment. FED. R. APP. P. 4(a)(6)(A). Consequently, this court lacks jurisdiction over any challenge to the magistrate's judgment dismissing his complaint.

APPEAL DISMISSED