United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 3, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 03-11245
Summary Calendar

GREGG WILLIAM PAULSON, Sergeant,

Petitioner-Appellant,

versus

B.B. BELL, Lieutenant General or
Successor, United States Army,

Respondent-Appellee.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:03-CV-135-C
--------------------

Before REAVLEY, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Gregg William Paulson, Texas prisoner # 825838 appeals the dismissal as frivolous of his 28 U.S.C. § 2241 petition, challenging his state custody on the ground that he is a prisoner of war and is being denied his rights under the Geneva Convention. This court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). A timely notice of appeal

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is a prerequisite for the exercise of jurisdiction by this court. United States v. Carr, 979 F.2d 51, 55 (5th Cir. 1992). Federal Rule of Appellate Procedure 4(a)(1)(A) requires that the notice of appeal in a civil action be filed within 30 days of entry of the judgment or order from which appeal is taken.

Paulson did not file his notice of appeal within 30 days of the entry of the district court's July 17, 2003, dismissal order. Instead, his notice of appeal was filed in excess of four months later, on November 19, 2003, at the earliest. The November 19 notice of appeal was timely as to the district court's denial of Paulson's postjudgment "Motion for a Full and Fair Hearing To Determine Facts in Dispute" only. However, Paulson briefs no argument regarding the denial of that motion, devoting his brief instead to the merits of his case and to the propriety of the district court's dismissal of his petition. By failing to brief any argument regarding the denial of his motion for a full and fair hearing, Paulson has abandoned the sole available ground for appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); see also FED. R. APP. P. 4(a)(1)(A). The appeal is therefore DISMISSED.