**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**October 24, 2006**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10606
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MATTHEW WILLIAM PHILLIPS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-142-ALL-A
--------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Matthew William Phillips appeals the sentence imposed following the revocation of his supervised release after his conviction for accessory after the fact to possession of stolen firearms. This court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Article III, § 2, of the Constitution limits federal court jurisdiction to actual cases and controversies. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). The case-or-controversy requirement demands that "some concrete

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and continuing injury other than the now-ended incarceration or parole -- some 'collateral consequence' of the conviction -- must exist if the suit is to be maintained." Id.

Phillips has served the sentence that was imposed upon the revocation of his supervised release. The order revoking Phillips's supervised release imposed no further term of supervised release. Accordingly, there is no case or controversy for this court to address, and the appeal is dismissed as moot.

APPEAL DISMISSED.