United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 24, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-11000
Conference Calendar

_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

TONEY DWAYNE ROSS,

                              Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-99-ALL-A
---------------------

Before JOLLY, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

    Toney Dwayne Ross appeals the sentence imposed following the revocation of his supervised release.  This court must examine the basis of its jurisdiction on its own motion if necessary. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987).  Article III, § 2, of the Constitution limits federal court jurisdiction to actual cases and controversies.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998).  The case-or-controversy requirement demands that "some concrete and continuing injury other than the now-ended

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

incarceration or parole -- some 'collateral consequence' of the conviction -- must exist if the suit is to be maintained." Id.

Ross has served the sentence that was imposed upon the revocation of his supervised release. The order revoking Ross's term of supervised release imposed no further term of supervised release. Accordingly, there is no case or controversy for this court to address, and the appeal is dismissed as moot.

APPEAL DISMISSED.