United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 15, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-21027
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

DOUGLAS WAYNE EVANS

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:03-CR-55
--------------------

Before KING, HIGGINBOTHAM and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Douglas Wayne Evans appeals the 21-month sentence imposed following the revocation of his supervised release. Evans contends that his sentence is unreasonable because the district court failed to consider the sentencing factors in 18 U.S.C. § 3553(a) and to address his argument that his guidelines sentence was greater than necessary to accomplish the goals of sentencing. The 21-month sentence imposed by the district court was at the low end of the advisory guidelines range and did not

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

exceed the statutory maximum term of imprisonment.  <u>See</u> 18 U.S.C.
§ 3583(e)(3).

This court must examine the basis of its jurisdiction on its own motion if necessary.  <u>Mosley v. Cozby</u>, 813 F.2d 659, 660 (5th Cir. 1987).  Article III, § 2 of the Constitution limits federal court jurisdiction to actual cases and controversies.  <u>Spencer v. Kemna</u>, 523 U.S. 1, 7 (1998).  The case-or-controversy requirement demands that "some concrete and continuing injury other than the now-ended incarceration or parole -- some 'collateral consequence' of the conviction -- must exist if the suit is to be maintained."  <u>Id.</u>

Evans has served the sentence that was imposed upon the revocation of his supervised release.  The judgment revoking Evans's term of supervised release imposed no further term of supervised release.  Accordingly, there is no case or controversy for this court to address, and the appeal is dismissed as moot.

APPEAL DISMISSED.