# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2010

No. 09-30081
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

GERARD LATHAM SMITH,

Defendant - Appellant

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:03-CR-22-1

Before HIGGINBOTHAM, CLEMENT, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Gerard Latham Smith, federal prisoner # 03929-095, pled guilty on September 12, 2003, to distribution of cocaine base, possession with intent to distribute cocaine base, and possession with intent to distribute cocaine. He was sentenced to 121 months of imprisonment. Smith did not file a direct appeal.

Smith's sentence was re-examined, however, after the United States Sentencing Commission's November 1, 2007, retroactive amendment to the base offense levels for crack cocaine offenses. A motion to modify the sentence under

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

18 U.S.C. § 3582(c)(2) was filed on Smith's behalf, which Smith was notified of on or about February 27, 2008. On January 16, 2009, the district court denied relief. Smith timely filed a document with the district court, titled a "Combined Motion to Reconsider . . . Motion to Rule on Defendant's Objections . . . and Notice of Appeal As to the Same." In it, Smith stated that "if the Court denies any part of this motion(s), the Defendant gives NOTICE to the Court of his intent to appeal all issues raised."

This court must examine the basis of its jurisdiction on its own motion if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A notice of appeal is required to confer jurisdiction on this court. *See* Fed. R. App. P. 3(a). In *Mosley*, the court found that the notice of appeal was conditional, as it depended on the court's first denying the motion for reconsideration. *Mosley*, 813 F.2d at 660. Only if the document "clearly evinces the party's intent to appeal" will it suffice. *Id.* (quoting *Cobb v. Lewis*, 488 F.2d 41, 45 (5th Cir. 1974) (alterations omitted). *Mosley* controls here. Smith's motion stated that he wished to appeal only in the event the motion for reconsideration was denied. Therefore, he has not clearly shown an intent to appeal. *See Mosley*, 813 F.2d at 660.

We note that the district court's judgment denying relief is not final, as Smith's motion for reconsideration apparently is still pending. *See United States v. Greenwood*, 974 F.2d 1449, 1466 (5th Cir. 1992). Once the district court does rule, Smith may file a notice of appeal at that time if he is dissatisfied with the ruling. *Mosley*, 813 F.2d at 660.

We lack jurisdiction over this appeal. APPEAL DISMISSED; ALL OUTSTANDING MOTIONS DENIED.