# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 8, 2013

Lyle W. Cayce
Clerk

No. 12-40386
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

CARLOS ANTONIO ALVAREZ-VASQUEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:09-CR-2126-1

Before  BENAVIDES, HAYNES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Carlos Antonio Alvarez-Vasquez (Alvarez) appeals the 10-month prison sentence he received following the revocation of his term of supervised release. Alvarez contends that the district court plainly erred when it denied him an opportunity to allocute before his revocation sentence was imposed.

This Court must examine the basis of its jurisdiction on its own motion if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).  Alvarez's reply brief was filed on October 29, 2012.  Subsequently, on December 13, Alvarez was

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

released from prison after he completed serving the instant sentence that was imposed upon the revocation of his supervised release.  Once a criminal defendant has served his sentence, there must still be a "concrete and continuing injury" to satisfy the case-or-controversy requirement of Article III.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  Alvarez has served his sentence, and it "cannot be undone."  *Id.* at 8.  When the district court revoked Alvarez's term of supervised release, it did not impose a further term of supervised release.  Thus, there are no consequences stemming from the completed sentence that would constitute a "concrete and continuing injury" under Article III.  *Id.* at 7-8.  This Court has dismissed as moot appeals in which a defendant challenges an order revoking supervised release when the defendant has served the sentence and there is no further term of supervised release.  *United States v. Kline*, 454 F. App'x 372 (5th Cir. 2011); *United States v. Johnson,* 210 F. App'x 360 (5th Cir. 2006).[1]  Because the appeal has become moot, we lack appellate jurisdiction and DISMISS the appeal.

APPEAL DISMISSED.

---

[1]  The parties have notified the Court that they agree that the appeal has become moot.