# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

February 15, 2013

No. 12-60310
Summary Calendar

Lyle W. Cayce
Clerk

ERNEST BANDA,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A097 678 535

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Ernest Banda, a native and citizen of Zambia, petitions this court for review of the order of the Board of Immigration Appeals (BIA) denying his motion to reopen and reconsider. Banda argues that the BIA should have reconsidered its dismissal of his appeal and reopened the proceedings based on his newly approved I-360 petition so that he could apply for an adjustment of status. He states that the Government alleges that he claimed false citizenship on his 2003 employment form when he checked the box indicating that he was

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a United States national and argues that a false claim to be a United States national does not constitute a violation of 18 U.S.C. § 911. Banda concedes that he made a false claim to citizenship "resulting from pressure from an abusive U.S. Citizen spouse." He argues, however, that lying about citizenship on a lease application to escape an abusive spouse does not constitute a "purpose or benefit" under the Immigration and Nationality Act (INA).

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). The Illegal Immigration Reform and Immigrant Responsibility Act affords this court jurisdiction over Banda's request for review only if he has "exhausted all administrative remedies available to [him] as of right" on these issues. 8 U.S.C. § 1252(d)(1). "A remedy is available as of right if (1) the petitioner could have argued the claim before the BIA, and (2) the BIA has adequate mechanisms to address and remedy such a claim." *Omari v. Holder*, 562 F.3d 314, 318–19 (5th Cir. 2009). That "the BIA had sufficient notice of—and opportunities to address—the issues" presented is not sufficient to give this court jurisdiction. *Id.* at 321. An alien meets the exhaustion requirement only if he has "explicitly" raised an issue before the BIA on direct appeal, a motion to reopen, or a motion for reconsideration. *Id.* at 320–21.

Banda did not argue to the BIA that falsely claiming to be a national of the United States did not constitute falsely claiming United States citizenship or that claiming citizenship on a lease application did not constitute doing so for a purpose or benefit under the INA. Moreover, these arguments could have been presented to the BIA in his motion to reopen and for reconsideration, and the BIA had adequate mechanisms to address and remedy these types of errors. *See Omari,* 562 F.3d at 319–21. Consequently, the court is without jurisdiction to address whether the BIA abused its discretion when it denied Banda's motion on the basis that he was inadmissible under 8 U.S.C. § 1182(a)(6)(C)(ii)(I).

Banda's petition for review is DISMISSED for lack of jurisdiction. *See id.* at 325; § 1252(d)(1).