# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-60455
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2014

Lyle W. Cayce
Clerk

JOSE CATALINO RAMIREZ GALDAMEZ,

Petitioner

v.

ERIC H. HOLDER, JR., U.S. ATTORNEY GENERAL,

Respondent

Petition for Review of an Order of the
Board of Immigration Appeals
BIA No. A089 933 916

Before KING, DAVIS and ELROD, Circuit Judges.

PER CURIAM:[*]

Jose Catalino Ramirez Galdamez, a citizen of El Salvador, petitions this court for review of the decision of the Board of Immigration Appeals (BIA) dismissing his appeal from the Immigration Judge's (IJ) order denying his application for withholding of removal. He challenges the BIA's determination that he is not entitled to asylum or withholding of removal on the basis that he failed to establish past persecution or a fear of future persecution on account

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of membership in a particular social group.  The Government asserts that Galdamez did not file a timely asylum application, conceded that he was ineligible for asylum, and made no argument to the IJ that extraordinary circumstances existed that were directly related to his failure to meet the filing deadline.

We have jurisdiction over Galdamez's request for review of the denial of his application for relief from removal only if he has "exhausted all administrative remedies available to [him] as of right" on these issues.  8 U.S.C. § 1252(d)(1).  "A remedy is available as of right if (1) the petitioner could have argued the claim before the BIA, and (2) the BIA has adequate mechanisms to address and remedy such a claim."  *Omari v. Holder*, 562 F.3d 314, 318-19 (5th Cir. 2009).  We must examine the basis of our jurisdiction sua sponte if necessary.  *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).

The record reflects that although Galdamez did not argue to the IJ that he was entitled to asylum, prior to the removal hearing, he filed an application for asylum and withholding of removal.  We have jurisdiction over Galdamez's appeal from the denial of asylum insofar as Galdamez filed an application for asylum and withholding of removal, and he presented both his asylum and withholding of removal arguments to the BIA.  *See Omari*, 562 F.3d at 320-21.

To qualify for the discretionary relief of asylum, an alien must be a "refugee."  *Orellana-Monson v. Holder*, 685 F.3d 511, 518 (5th Cir. 2012); 8 C.F.R. § 1208.13(a).  "A refugee is a person (1) who is outside of his country and is unable or unwilling to return because of persecution or a well-founded fear of persecution and (2) who has demonstrated that "race, religion, nationality, *membership in a particular social group*, or political opinion was or will be at least one central reason" for the persecution.  *Orellana-Monson*, 685 F.3d at 518 (internal quotation marks and citation omitted) (emphasis in

the original).  The standard for obtaining withholding of removal is even higher than the standard for asylum; it requires "a showing that it is more likely than not that the alien's life or freedom would be threatened by persecution on one of those grounds."  *Id.*  The failure to establish a well-founded fear for asylum eligibility also forecloses eligibility for withholding of removal.  *Id.*

Galdamez's arguments for asylum and for withholding of removal are premised on his assertion that he is a member of a particular social group (young men who defy forced recruitment by the gangs in El Salvador).  To establish persecution based on membership in a particular social group, Galdamez must show that he is a member "of a group of persons that share a common immutable characteristic that they either cannot change or should not be required to change because it is fundamental to their individual identities or consciences."  *Id.* (internal quotation marks and citations omitted).  The BIA considers the following factors to determine "whether a particular social group exists: (1) whether the group's shared characteristic gives the members the requisite *social visibility* to make them readily identifiable in society and (2) whether the group can be defined with sufficient *particularity* to delimit its membership."  *Id.* at 519 (internal quotation marks and citation omitted) (emphasis in the original).

We accord deference, pursuant to *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984), to the BIA's interpretation of the term "particular social group."  *Orellana-Monson*, 685 F.3d at 521.  In *Orellana-Monson*, we applied the BIA's test and determined that men who were recruited but refused to join a Salvadoran gang were not a "particular social group" for purposes of asylum and withholding of removal because they lacked the requisite social visibility and particularity.  *Id.* at 521-22.  As in *Orellana-Monson*, Galdamez fails to demonstrate that the members

of his proposed group share a characteristic that gives them social visibility or that the group can be "defined with sufficient particularity to delimit its membership." *Id.* at 519. We reach the same conclusion in this case.

The petition for review is DENIED.