# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60479
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2014

Lyle W. Cayce
Clerk

ROBERT ANTHONY HUBBARD,

Plaintiff–Appellant,

v.

CORRECTIONAL OFFICER UNKNOWN SIKES; CORRECTIONAL OFFICER UNKNOWN WALKER; CORRECTIONAL OFFICER TERRY RUDOLPH; LIEUTENANT SANDRA SMOOT; SERGEANT UNKNOWN FOSTER; WARDEN JOHNNY CROCKETT; CAPTAIN UNKNOWN DONALD,

Defendants–Appellees.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:10-CV-131

Before WIENER, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:*

Robert Anthony Hubbard, former Mississippi prisoner # 109084, filed a civil rights complaint under 42 U.S.C. § 1983 against Kemper Neshoba Regional Correctional Facility and officers employed by the facility alleging

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60479

claims of excessive force and deliberate indifference to his serious medical needs. The district court dismissed his claims against the facility for failure to state a claim. The claims against defendant Walker were dismissed for failure to effect service of process. Defendants Smoot and Scitz were granted judgment as a matter of law during a jury trial proceeding. The jury returned a verdict in favor of defendants Rudolph, Crockett, and Foster. Hubbard appeals.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Hubbard's claims against Captain Donald remain pending in the district court. Though the defendants filed a suggestion of death and Hubbard failed to move to substitute, the district court did not enter a judgment of dismissal as to the claims against Donald. *See* FED. R. CIV. P. 25(a). We therefore lack jurisdiction over Hubbard's appeal. See 28 U.S.C. §§ 1291, 1292(a),(b); FED. R. CIV. P. 54(b); *Martin v. Halliburton*, 618 F.3d 476, 481 (5th Cir. 2010).

Accordingly, the appeal is DISMISSED for lack of jurisdiction.

2