# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-30530

United States Court of Appeals
Fifth Circuit

**FILED**
October 19, 2017

Lyle W. Cayce
Clerk

BYRON DAVIS,

Petitioner-Appellant

v.

DARREL VANNOY, WARDEN, LOUISIANA STATE PENITENTIARY,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:14-CV-1508

Before DENNIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:*

Byron Davis, Louisiana prisoner # 570235, moves this court for a certificate of appealability (COA) to appeal in this 28 U.S.C. § 2254 proceeding. He was convicted of the aggravated rape of a minor victim, and he was sentenced to life in prison at hard labor without the benefit of parole, probation, or suspension of sentence.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). This court

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-30530

has jurisdiction over final decisions and other decisions covered by the collateral order doctrine. *See* 28 U.S.C. §§ 1291, 1292; *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 103, 106, 116 (2009). In this case, the order adopting the magistrate judge's report and recommendation, the final judgment dismissing Davis's § 2254 petition, and the district court's order denying Davis a COA were all vacated. Neither the final judgment nor the other two orders were ever reinstated, and Davis's petition was not dismissed anew.

Absent the entry of a final judgment, we lack jurisdiction over this appeal. *See* § 1291. Moreover, due to the lack of an order denying a COA, we assume without deciding that we lack jurisdiction over this appeal pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, which has language similar to former Rule 22 of the Federal Rules of Appellate Procedure. *See Cardenas v. Thaler*, 651 F.3d 442, 444-45 & n.1 (5th Cir. 2011).

Accordingly, this appeal is DISMISSED for lack of jurisdiction, and Davis's motion for a COA is DENIED as moot.