# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 23, 2019

Lyle W. Cayce
Clerk

No. 18-60669

CHARLIE BLUNT,

Petitioner-Appellant

v.

GEORGIA SHELBY, Warden, South Mississippi Correctional Institution;
RON KING, Superintendent,

Respondents-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:13-CV-575

Before JONES, HIGGINSON, and OLDHAM, Circuit Judges.

PER CURIAM:[*]

Charlie Blunt, Mississippi prisoner # 81425, previously moved for a certificate of appealability (COA) to appeal the dismissal of his 28 U.S.C. § 2254 application challenging his 2011 conviction for motor vehicle theft and sentence of life in prison as a violent habitual offender. We dismissed Blunt's appeal for lack of jurisdiction due to his untimely notice of appeal. *Blunt v. Shelby*, No. 18-60513, 2018 WL 7050236, at *1 (5th Cir. Aug. 6, 2018) (unpublished). Blunt now moves for a COA to appeal a district court order that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-60669

was entered pursuant to a limited remand during the course of those prior COA proceedings. He also moves for leave to amend his COA motion, leave to proceed in forma pauperis (IFP), and bail pending appeal.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Generally, this court possesses jurisdiction to review only a district court's final decisions. *See* 28 U.S.C. § 1291; *Martin v. Halliburton*, 618 F.3d 476, 481-83 (5th Cir. 2010). For purposes of § 1291, a district court decision is normally final only if it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Martin*, 618 F.3d at 481 (internal quotation marks and citation omitted).

By ordering a limited remand to the district court for the sole purpose of making a factual finding regarding when Blunt deposited his notice of appeal in the prison mail system, we retained our jurisdiction over Blunt's appeal and did not empower the district court to render a final decision. *See United States v. Cessa*, 861 F.3d 121, 143 (5th Cir. 2017). Accordingly, the district court's order on limited remand does not qualify as a final decision that is appealable in this court. *See* § 1291; *Martin*, 618 F.3d at 481.

Given the foregoing, this appeal is DISMISSED for lack of jurisdiction, and Blunt's motions for a COA, for leave to amend the COA motion, for leave to proceed IFP, and for bail pending appeal are DENIED AS MOOT.