# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 13, 2022

Lyle W. Cayce
Clerk

No. 21-50420
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

VICTOR MANUEL CORONA-LEON,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:20-CR-849-1

Before JOLLY, WILLETT, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Victor Manuel Corona-Leon appeals the sentence imposed following his guilty plea conviction for illegal reentry following removal in violation of 8 U.S.C. § 1326. He contends for the first time on appeal that the district court erred in assigning him three criminal history points for a 2014 illegal

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

reentry offense because that offense was committed by his brother, Martin Corona-Leon, not him.  The clerk of this court has granted his unopposed motion to supplement the record on appeal with district court records from the Eastern and Western Districts of Texas relating to convictions for "Martin Corona-Leon."

We first note that Victor Corona-Leon's pro se, post-judgment filing serves as an effective notice of appeal.  *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).  We review his arguments raised for the first time on appeal for plain error.  *See Puckett v. United States*, 556 U.S. 129, 135 (2009).  To establish plain error, Victor Corona-Leon must show a forfeited error that is clear or obvious and affects his substantial rights.  *Id.*  If he makes that showing, we have discretion to correct the error if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

The presentence report (PSR) indicated that Victor Corona-Leon was convicted of the 2014 illegal reentry offense under the alias "Martin Corona-Leon."  However, the PSR also showed that Victor Corona-Leon had a long history of using aliases, including the first name Martin.  Even if we were to consider the supplemental records, at most they raise some doubt as to whether Victor Corona-Leon or his brother committed the 2014 illegal reentry offense, and any error by the district court in finding that the offense was committed by Victor Corona-Leon was not clear or obvious.  *See id.*  The district court's judgment is therefore AFFIRMED.