# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
June 13, 2022

Lyle W. Cayce
Clerk

No. 22-40053

United States of America,

*Plaintiff—Appellee*,

*versus*

Darrell Lenard Bates,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:20-CR-58-1

Before Smith, Oldham, and Wilson, *Circuit Judges*.
Per Curiam:[*]

Darrell Lenard Bates filed an interlocutory appeal from the magistrate judge's denial of his pro se motion to quash an indictment charging him with failing to register as a sex offender. Counsel moved to withdraw, and Bates moved for the appointment of substitute counsel.

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 22-40053

It is the duty of this court to raise jurisdictional issues sua sponte, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). As an initial matter, Bates's pro se motion to quash was denied as moot by the magistrate judge. In expanding the duties of magistrate judges under 28 U.S.C. § 636(b), "Congress made clear that . . . the magistrate [judge] acts subsidiary to and only in aid of the district court. Thereafter, the entire process takes place under the district court's total control and jurisdiction." *United States v. Raddatz*, 447 U.S. 667, 681 (1980). Thus, we neither monitor nor supervise the work of magistrate judges to whom cases are referred under § 636(b). If Bates is dissatisfied with the magistrate judge's ruling on his motion to quash the indictment, he should direct his complaints to the district court judge, in this case, Judge Jeremy D. Kernodle.

Additionally, the denial of a motion to quash an indictment prior to entry of final judgment is typically not an order over which a court of appeals would have jurisdiction; as a general rule, we lack jurisdiction over an interlocutory motion such as this. *See Abney v. United States*, 431 U.S. 651, 663 (1977); *United States v. Miller*, 952 F.2d 866, 874 (5th Cir. 1992). The appeal is therefore dismissed for lack of jurisdiction.

APPEAL DISMISSED; motions to withdraw and to appoint substitute counsel DENIED as moot.