# United States Court of Appeals
# for the Fifth Circuit

———————

No. 23-50797

———————

United States Court of Appeals
Fifth Circuit

**FILED**

February 21, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Gavin Blake Davis,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:22-CR-219-1

———————————————————————

Before Clement, Engelhardt, and Ramirez, *Circuit Judges*.
Per Curiam:[*]

Gavin Blake Davis has filed an interlocutory notice of appeal from an order of the magistrate judge denying his motion to appoint new stand-by counsel and denying appointed counsel's motion to withdraw. He moves in this court for the appointment of counsel.

"This court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-50797

district court judge may reconsider a magistrate judge's order on pretrial matters "where it has been shown that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A). Under the Federal Rules of Criminal Procedure, a party generally has 14 days to object to the magistrate judge's ruling and waives his right to review if he fails to object. FED. R. CRIM. P. 59(a). We lack jurisdiction to address an appeal from a ruling by a magistrate judge acting under § 636(b)(1)(A) where the defendant did not file timely objections to the ruling with the district court. *See United States v. Renfro*, 620 F.2d 497, 500 (5th Cir. 1980).

In this case, the record shows that Davis failed to file objections with the district court to the magistrate judge's order. Therefore, we lack jurisdiction. Because we lack jurisdiction, we also deny Davis's pending motion for appointment of counsel in this court.

APPEAL DISMISSED; MOTION DENIED.