IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-41107
Conference Calendar

WILLIAM NISWANGER

Plaintiff-Appellant

v.

ASHLEY POWELL, D.P.O II District Parole Officer; TEXAS BOARD OF
PARDONS AND PAROLES; GLENN GEYER

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:07-CV-297

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

William Niswanger, Texas prisoner # 636282, filed a pro se, in forma
pauperis civil rights complaint pursuant to 42 U.S.C. § 1983 against the above
named defendants. On August 22, 2007, the district court entered final
judgment dismissing the complaint pursuant to 28 U.S.C. § 1915A(b)(1).
Niswanger filed a notice of appeal and a motion to reopen time for filing an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion
should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIR. R. 47.5.4.

appeal pursuant to FED. R. APP. P. 4(a)(6) on November 5, 2007. The district court denied the motion to reopen.

If necessary, this court must examine the basis of its jurisdiction sua sponte. Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). A timely notice of appeal in a civil case is "mandatory and jurisdictional." Bowles v. Russell, 127 S. Ct. 2360, 2366 (2007). Federal Rule of Appellate Procedure 4(a)(1)(A) requires that the notice of appeal in a civil action be filed within 30 days of entry of the judgment or order from which the appeal is taken. Niswanger's notice of appeal from the district court's August 22, 2007, dismissal of his § 1983 complaint was due on September 21, 2007.

On appeal, Niswanger does not address the untimely filing of his notice of appeal or the district court's denial of his motion to reopen under FED. R. APP. P. 4(a)(6). Even if Niswanger had challenged the district court's denial, he cannot show error because he has not asserted, on appeal or in the district court, that he did not receive notice of entry of final judgment more than 21 days after August 22, 2007. The district court did not err in finding that Niswanger failed to fulfill the requirements of Rule 4(a)(6)(A). Niswanger failed to file a timely notice of appeal. This court lacks jurisdiction over any appeal from the judgment of August 22, 2007. See Bowles, 127 S. Ct. at 2366.

APPEAL DISMISSED.