IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No.07-51114
Conference Calendar

UNITED STATES OF AMERICA

                                        Plaintiff-Appellee

v.

REYNALDO OBREGON-HERNANDEZ, also known as Santiago Alaverio-Melendez, also known as Nino Palacios, also known as Tomas Berrios, also known as Sucky Hernandez, also known as Zuki Berrios, also known as Rey Obregon

                                        Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:00-CR-13-ALL

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Reynaldo Obregon-Hernandez (Obregon) has moved for leave to withdraw and has filed a brief in accordance with Anders v. California, 386 U.S. 738 (1967). Obregon has been deported and has not filed a response.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). Article III, section 2, of the Constitution limits federal court jurisdiction to actual cases and controversies. Spencer v. Kemna, 523 U.S. 1, 7 (1998). The case-or-controversy requirement demands that "some concrete and continuing injury other than the now-ended incarceration or parole – some 'collateral consequence' of the conviction – must exist if the suit is to be maintained." Id.

During the pendency of this appeal, Obregon completed the sentence that was imposed upon the revocation of his supervised release. The order revoking Obregon's supervised release imposed no further term of supervised release. Accordingly, there is no case or controversy for this court to address, and this appeal is dismissed as moot. Counsel's motion to withdraw is denied as unnecessary.

APPEAL DISMISSED; MOTION DENIED.