# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 28, 2009

Charles R. Fulbruge III
Clerk

No. 08-40148
Summary Calendar

ROGELIO MUNOZ

Plaintiff-Appellant

v.

DAVID FORTNER, Physicians Assistant, Powledge Unit; DENNIS BLEVINS, Warden, Powledge Unit; DELTON ATWOOD; UNIDENTIFIED CLAYTON, Doctor; UNIDENTIFIED SMITH, Doctor; BEVERLY PARKER, Risk Management/Safety Officer, Powledge Unit

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:07-CV-170

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

Rogelio Munoz, Texas prisoner # 585137, appeals the magistrate judge's dismissal as frivolous, pursuant to 28 U.S.C. § 1915A(b), of his 42 U.S.C. § 1983 lawsuit against various officials at the Powledge Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, asserting claims of deliberate indifference, cruel and unusual punishment, and violations of the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Americans With Disabilities Act. "This Court must examine the basis of its jurisdiction, on its own motion, if necessary." Mosley v. Cozby, 813 F.2d 659, 660 (5th Cir. 1987). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." Bowles v. Russell, 127 S. Ct. 2360, 2366 (2007).

Munoz did not file his notice of appeal within 30 days of the entry of judgment dismissing his lawsuit, nor did he file a timely FED. R. CIV. P. 59(e) motion which would have suspended the time for filing a notice of appeal. Munoz did file, within 10 days of the entry of judgment in this case, a motion for an extension of time to file a FED. R. CIV. P. 60(b) motion. Inasmuch as that motion can be construed as a request to the time extend time to file a Rule 59(e) motion, the magistrate judge properly denied it as she lacked any authority to grant it. See FED. R. CIV. P. 6(b).

Munoz's subsequent Rule 60(b)(6) motion does not bring up the underlying judgment for review. See Huff v. International Longshoremen's Ass'n, Local No. 24, 799 F.2d 1087, 1089-90 (5th Cir. 1986); Matter of Ta Chi Navigation (Panama) Corp. S.A., 728 F.2d 699, 703 (5th Cir. 1984). The notice of appeal, filed within 30 days of the denial of the Rule 60(b) motion, is timely as to that motion, and this court has jurisdiction to consider a challenge to that denial. See FED. R. APP. P. 4(a)(1)(A). However, the notice of appeal was untimely as to the order dismissing Munoz's § 1983 suit, and this court lacks jurisdiction to consider that dismissal. See id.

We review a denial of a Rule 60(b) motion under an abuse-of-discretion standard. Travelers Ins. Co. v. Liljeberg Ents., Inc., 38 F.3d 1404, 1408 (5th Cir. 1994). Under Rule 60(b), the district court may relieve a party from a final judgment for reasons that include (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. FED. R. CIV. P. 60(b). A motion filed pursuant to

Rule 60(b)(6) requires a showing of "extraordinary circumstances." Hess v. Cockrell, 281 F.3d 212, 216 (5th Cir. 2002).

Munoz offers no argument that his postjudgment motion presented a meritorious basis for relief under Rule 60(b). He conclusionally states that the magistrate judge erred in denying the Rule 60(b)(6) motion "by not applying the [correct] definition of deliberate indifference" to his claims regarding Fortner. However, he does not further explain this contention or otherwise argue that his motion presented exceptional circumstances warranting relief under Rule 60(b)(6). His arguments are aimed at the dismissal of his § 1983 suit, which is not before this court. Because he makes no argument that his motion demonstrated exceptional circumstances warranting relief under Rule 60(b)(6), Munoz has abandoned the sole basis for appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993).

Munoz contends that the magistrate judge erred in failing to appoint counsel to represent him in this case. However, he has not shown that the magistrate judge abused its discretion in denying his motion for counsel. See Cupit v. Jones, 835 F.2d 82, 86 (5th Cir. 1987). Although Munoz asserts that the legal issues of his case were too complex for him as a layperson to comprehend, the issues presented in this case are not exceptionally complex, the evidence consisted of prison disciplinary and medical records which required no investigation, and Munoz has done a credible job of submitting motions and filing papers on his own behalf. See id.

Because this court lacks jurisdiction to consider Munoz's appeal from the underlying judgment, and because his appeal from the denial of the Rule 60(b) motion is without arguable merit, the appeal is frivolous. See Howard v. King, 707 F.2d 215, 219-20 (5th Cir. 1983). Because it is frivolous, the appeal is dismissed. See 5TH CIR. R. 42.2. Both the magistrate judge's dismissal of the complaint and the instant dismissal of this appeal count as strikes under 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387 (5th Cir. 1996).

Munoz also has a previous strike.  See Munoz v. Mora, No. 00-20166 (5th Cir. Nov. 9, 2000) (unpublished).  Because Munoz has now incurred three strikes under § 1915(g), he is  barred from proceeding in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.  See § 1915(g).

APPEAL DISMISSED; 28 U.S.C. § 1915(g) BAR IMPOSED.