# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 3, 2009

Charles R. Fulbruge III
Clerk

No. 09-40548
Summary Calendar

BURNS TILTON BOYD,

Petitioner-Appellant

v.

RICK THALER, DIRECTOR, TEXAS DEPARTMENT OF CRIMINAL JUSTICE,
CORRECTIONAL INSTITUTIONS DIVISION,

Respondent-Appellee

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:09-CV-43

Before JOLLY, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Burns Tilton Boyd, Texas prisoner # 1153136, moves for a certificate of appealability (COA) to appeal from the district court's order denying him habeas corpus relief pursuant to 28 U.S.C. § 2254. Boyd challenges the decision of the Texas Board of Pardons and Paroles not to release him on parole.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir. 1987). "[T]he timely

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

filing of a notice of appeal in a civil case is a jurisdictional requirement [and courts have] . . . no authority to create equitable exceptions to jurisdictional requirements." *Bowles v. Russell,* 551 U.S. 205, 214 (2007). A notice of appeal must clearly evince a desire of appeal to be effective. *Mosley,* 813 F.2d at 660.

Boyd's notice of appeal/motion to modify and accompanying memorandum of law sought relief from the district court and did not clearly evince a desire to appeal. The notice of appeal/motion to modify was not effective to serve as a notice of appeal. *See Mosley,* 813 F.2d at 660. Because Boyd did not file an effective notice of appeal, his appeal is dismissed for lack of jurisdiction. *See Bowles,* 551 U.S. at 214.

COA DENIED. APPEAL DISMISSED.