# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

March 22, 2010

No. 08-41350
Summary Calendar

Charles R. Fulbruge III
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JESUS RODRIGUEZ-FLORES,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:08-CR-00051-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jesus Rodriguez-Flores (Rodriguez) pleaded guilty to illegal reentry into the United States. On May 1, 2008, the district court sentenced Rodriguez to 50 months of imprisonment, to be followed by three years of supervised release.

On November 29, 2008, Rodriguez mailed a motion to the district court, denominated as a "Motion to Correct Final Sentence Pursuant to 18 [U.S.C.] § 3742." In the motion, Rodriguez argued that his sentence was unreasonable,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

and he asked that, taking various factors into account, the district court reduce his sentence by up to 18 months.

On December 4, 2008, the district court construed Rodriguez's motion as requesting a reduction of sentence under 18 U.S.C. § 3582(c) and denied relief. On December 10, 2008, Rodriguez mailed an objection to the district court's ruling, arguing that his "Motion to Correct Final Sentence" was actually a notice of appeal filed in accordance with the requirements of § 3742(d) and that the district court erroneously construed it as a § 3582(c) motion. On December 18, 2008, the district court rejected Rodriguez's claim that it had erred in treating his "Motion to Correct Final Sentence" as seeking relief under § 3582(c) and ordered the clerk to docket his objection as a notice of appeal from the December 4, 2008 order. The court also granted Rodriguez leave to proceed in forma pauperis on appeal.

On appeal, Rodriguez presents several arguments challenging his May 1, 2008 judgment of conviction and sentence. However, the district court properly found that Rodriguez's "Motion to Correct Final Sentence" did not evince an intent to appeal but sought relief from the district court itself. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) (holding that a document filed in the time period for taking an appeal should be construed as a notice of appeal if the document "clearly evinces an intent to appeal" (internal quotation marks and citations omitted)). Because Rodriguez has not filed a notice of appeal from the May 1, 2008 judgment of conviction and sentence as required by FEDERAL RULE OF APPELLATE PROCEDURE 4(b), we dismiss his appeal to the extent that he challenges that judgment. *See* 5TH CIR. R. 42.2. Rodriguez's December 10, 2008 objection likewise failed to "clearly evince[] an intent to appeal" as the "primary relief sought" from the district court was reconsideration of the motion. *See Mosley*, 813 F.2d 660 (determining that a filing did not clearly demonstrate an intent to appeal where request for leave to appeal is secondary to request for reconsideration).

2

Even if Rodriguez's objection were construed as a timely notice of appeal from the December 4, 2008 order, he has failed to brief any argument challenging the denial of his request for a sentence reduction. Although pro se briefs are afforded liberal construction, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), even pro se litigants must brief arguments in order to preserve them. *Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993). Therefore, to the extent Rodriguez appeals the December 4, 2008 denial of his "Motion to Correct Final Sentence," we dismiss his appeal. *See Brinkmann v. Dallas County Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987) (holding that the failure to identify error in the district court's analysis is the same as if the appellant had not appealed the judgment); 5TH CIR. R. 42.2.

Because this case does not present exceptional circumstances, we deny Rodriguez's motion for appointment of counsel. *See Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

APPEAL DISMISSED; MOTION DENIED.