**Woodrow Wilson WILLIAMS,
Plaintiff–Appellant**

v.

**Lloyd MASSEY, Warden Polunsky; Steve Miller, Major; L. Bailey, Disciplinary Hearing Officer; Dorothy F. Donahoe, Individual capacity; Roy Simon, Individual capacity; R. Hastings, Individually and official capacity as supervisor; M. Jones, Individually and official capacity as substitute counsel; R. Primrose, Individually and official capacity as Clerk; B. Hinch, Individually and official capacity substitute counsel, Defendants–Appellees.**

No. 09–41071
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

June 24, 2010.

Woodrow Wilson Williams, Livingston, TX, pro se.

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Woodrow Wilson Williams, Texas prisoner # 672377, seeks appointment of counsel and leave to proceed in forma pauperis (IFP) in his appeal from the district court's denial of his motion for reconsideration of the order denying his motion for copies of prison records filed in support of his 42 U.S.C. § 1983 complaint.

We must examine the basis of our jurisdiction, sua sponte if necessary. *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir.1987). A timely notice of appeal is mandatory and jurisdictional in a civil case. *Bowles v. Russell,* 551 U.S. 205, 214, 127 S.Ct. 2360, 168 L.Ed.2d 96 (2007). Under Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure, a notice of appeal in a civil case must be filed within 30 days after entry of the judgment or order being appealed. If a party timely files a motion pursuant to Federal Rule of Civil Procedure 59(e), the time to file an appeal from the denial of the judgment or order runs from the entry of the order disposing of such motion. FED. R.APP. P. 4(a)(4)(A)(iv).

The district court's order denying Williams's motion for copies of prison records was entered on March 9, 2009. Williams filed a motion for reconsideration within the time period for filing a Rule 59(e) motion, which was denied on March 23, 2009, so the 30–day period for filing a notice of appeal began to run the next day. Williams filed the instant notice of appeal

on October 19, 2009, alleging that he did not receive notice of the district court's order until September 30, 2009.

The record refutes that contention, reflecting that Williams received a copy of the district court's order on March 27, 2009. Further, Williams's notice of appeal could not have been construed as a motion to extend or reopen the appeal period. *See* FED. R.APP. P. 4(a)(5), (a)(6). Therefore, Williams's notice of appeal was untimely, and we lack jurisdiction to consider the instant appeal. *See Bowles*, 551 U.S. at 214, 127 S.Ct. 2360.

Accordingly, Williams's appeal is DISMISSED for lack of jurisdiction, and his motions for the appointment of counsel and for leave to proceed IFP on appeal are DENIED.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.