# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 1, 2011

No. 10-60569
Summary Calendar

Lyle W. Cayce
Clerk

TOMMY WHITE, SR.,

Plaintiff-Appellant

v.

GEO GROUP, INC.,  JESSIE J. STREETER, Warden, individually and in his official capacity; MARK E. BOURLAND, Chief of Security, individually and in his official capacity; UNKNOWN THORNTON, Captain, individually and in his official capacity; UNKNOWN HALLMARK, Lieutenant, individually and in his official capacity; UNKNOWN THOMAS, Captain, individually and in his official capacity; UNKNOWN BERRY, Captain, individually and in his official capacity; UNKNOWN WORTHLEY, Sergeant, individually and in his official capacity; APRIL WHITEHEAD, Officer, individually and in her official capacity; UNKNOWN BEVERLY, Nurse, individually and in her official capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:08-CV-119

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-60569

Tommy White, Sr., Mississippi prisoner # M1572, appeals from the district court's dismissal of his 42 U.S.C. § 1983 complaint for failure to exhaust administrative remedies.  This court must examine the basis of its jurisdiction, sua sponte, if necessary.  *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement [and courts have] no authority to create equitable exceptions to jurisdictional requirements." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).  Under Federal Rule of Appellate Procedure 4(a)(1)(A), a notice of appeal in a civil case must be filed within 30 days after the judgment or order being appealed is entered.

Here, the district court's order and final judgment dismissing the case was signed February 5, 2010.  White subsequently filed two motions attacking this order, each expressing the same grounds for disagreeing.  Even liberally construing these motions as Rule 59 or 60 motions, the appeal is still untimely. The district court entered an order denying the "motion for reconsideration"[1] on April 8, 2010, but  White's appeal was dated more than thirty days later on June 24, 2010, and filed on June 29, 2010.  Accordingly, we lack jurisdiction over his appeal and it must be dismissed.

APPEAL DISMISSED; REQUEST FOR APPOINTMENT OF COUNSEL DENIED.

---

[1] Although the district court's order referred only to one motion, and White filed two, because both attacked the original order on the same grounds, the district court did not err in essentially treating the two as one. *See United States v. Oliver*, 630 F.3d 397, 404 & n.3 (5th Cir. 2011).