# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 27, 2012

Lyle W. Cayce
Clerk

No. 12-30339
Summary Calendar

ROBERT LATROY WHITE,

Plaintiff-Appellant

v.

JOE LAMARTINIERE, Assistant Warden, In His Individual & Official Capacity;
TROY PORET, Assistant Warden, In His Individual & Official Capacity;
UNKNOWN BARR, Assistant Warden, In His Individual & Official Capacity; W.
RICHARDSON, Major, In His Individual & Official Capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:11-CV-215

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Robert Latroy White, Louisiana prisoner # 241145, has filed a motion for leave to proceed in forma pauperis (IFP) on appeal from the district court's dismissal of his 42 U.S.C. § 1983 complaint. The district court denied White's IFP motion and certified that the appeal was not taken in good faith. By moving

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

for IFP status, White is challenging the district court's certification. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

As a threshold issue, we must first examine the basis of our jurisdiction. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). White did not timely file a notice of appeal within 30 days of the entry of the district court's order dismissing his complaint for failure to state a claim and denying his motion to amend his complaint. *See* FED. R. APP. P. 4(a)(1)(A). Therefore, we do not have jurisdiction to review the district court's order. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Although White's notice of appeal was filed within 30 days of the entry of the magistrate judge's denial of his motion to amend, the district court had already denied the motion to amend and, therefore, the motion was no longer pending before the magistrate judge at the time that the magistrate judge ruled on it. *See, e.g.*, 28 U.S.C. § 636(b)(1); *see also Smith v. School Bd. of Orange County*, 487 F.3d 1361, 1366 (11th Cir. 2007) (holding that pending objections to magistrate's order, which denied plaintiff's various discovery motions, were moot in light of district court's grant of summary judgment for defendant). The issuance of a redundant order did not provide White with a second opportunity to appeal. *See, e.g., In re Weston*, 18 F.3d 860, 863 (10th Cir. 1994) (stating that the court would not review the appeal of a January order because a December order remained the final resolution of the matter, independent of subsequent events). Further, White would be required to appeal any ruling by the magistrate judge to the district court first, rather than to this court. *See* 28 U.S.C. § 636(b)(1). Accordingly, White's motion for leave to proceed IFP on appeal is denied, and his appeal is dismissed for lack of jurisdiction. *See id.*

MOTION DENIED; APPEAL DISMISSED.