# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-50770
Summary Calendar

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 13, 2013

Lyle W. Cayce
Clerk

GILLIE THOMAS THURBY, JR.,

Plaintiff-Appellant

v.

ATTORNEY GENERAL GREG ABBOTT;  DISTRICT JUDGE JAMES L REX;
JUDY CRAWFORD, County of Crane, County and District Clerk; RICK A.
NAVARRETE, Attorney-at-Law; PEGGY PERRY, Assistant Director, DSHS;
EDWARD MOUGHON, Superintendent, Big Spring State Hospital; LORI
COUCH, Assistant Supreintendent, Big Spring State Hospital; BA HAN,
Clinical Director, Big Spring State Hospital; J. K. WALL, also known as Rusty
Wall, Attorney-at-Law; ALBERT MARTINEZ, Case Manager, Mental Health
Mental Retardation; DR. DAVIS,

Defendants-Appellees

Appeal from the United States District Court
for the Western District of Texas
USDC No. 7:12-CV-70

Before KING, CLEMENT, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Gillie Thomas Thurby, Texas state prisoner # 50533, has filed a motion to

proceed in forma pauperis (IFP) on appeal, challenging the district court's denial

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

of IFP. Thurby filed this 42 U.S.C. § 1983 action against various Texas officials, his attorneys, and several employees of the Big Spring State Hospital. The district court denied Thurby's motion for appointment of counsel to represent him in this action in the district court. Thurby is seeking IFP status to appeal the district court's denial of his motion for counsel.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). A timely "notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). "A document filed in the period prescribed by FED. R. APP. P. 4(a)(1) for taking an appeal should be construed as a notice of appeal if the document clearly evinces the party's intent to appeal." *Mosley*, 813 F.2d at 660 (internal quotations marks and citations omitted); *see also Smith v. Barry*, 502 U.S. 244, 248 (1992) ("notice of appeal must specifically indicate the litigant's intent to seek appellate review"). A pleading that seeks reconsideration of an order of the district court is not effective as a notice of appeal, even if labeled a notice of appeal. *Mosley*, 813 F.2d at 660. FEDERAL RULE OF APPELLATE PROCEDURE 3(c)(1) requires that the notice of appeal identify the party taking the appeal, the judgment being appealed, and the court to which the appeal is taken. FED. R. APP. P. 3(c)(1).

Although the pleading docketed as Thurby's notice of appeal was labeled "appealing," nothing else in that pleading evinces an intent to appeal the district court's order to the appellate court. Thurby's prayer for relief asked the district court to "reconsider" his motion for appointment of counsel. All of Thurby's arguments were directed to the district court. He did not state that he was seeking an appeal to the Fifth Circuit Court of Appeals. A motion for reconsideration that seeks an appeal alternatively to reconsideration does not clearly indicate the intent to appeal. *See Mosley*, 813 F.2d at 660. The pleading did not clearly evince Thurby's intent to appeal because Thurby sought reconsideration of his motion for appointment of counsel by the district court.

2

No. 12-50770

Because the primary relief sought was reconsideration by the district court, with only a single reference to "appealing," and with no indication that an appeal was sought in the Fifth Circuit, the pleading was insufficient to constitute a notice of appeal. *See Mosley*, 813 F.2d at 660.

We note that the district court's judgment denying relief is not final, as Thurby's motion for reconsideration is still pending. Once the district court does rule, Thurby may file a notice of appeal at that time if he is dissatisfied with the ruling. *Mosley*, 813 F.2d at 660.

We lack jurisdiction over this appeal. APPEAL DISMISSED; ALL OUTSTANDING MOTIONS ARE DENIED.