# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 9, 2013

No. 12-40595
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

SHELTON LAMONT WILLIAMS, also known as Sheldon Williams, also known as Kilo,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 3:96-CR-1-1

Before JOLLY, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Shelton Lamont Williams, federal prisoner #46230-079, appeals from the orders of the district court denying his petition for audita querela relief and the postjudgment motion he filed after the petition was denied. Williams challenges his conviction of conspiracy to possess with intent to distribute 50 grams or more of crack cocaine and possession with intent to distribute 50 grams or more of crack cocaine.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby,* 813 F.2d 659, 660 (5th Cir. 1987). A timely "notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Williams's notice of appeal was untimely to bestow jurisdiction on us as to the order denying the petition for audita querela relief. *See* FED. R. APP. P. 4 (a)(1)(B)(i). But the notice of appeal was timely to bestow jurisdiction as to the order denying Williams's postjudgment motion.

However, Williams briefed no issues relevant to the denial of the postjudgment motion in his initial brief. Instead, he briefed issues relevant only to the district court's order denying a motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2), an order that was the subject of a different appeal that was dismissed for failure to prosecute. The Government was left to speculate on the issues Williams might have raised as to the order relevant to this appeal. The Government thereby was prejudiced, even though Williams raised relevant arguments in response to the Government's brief. We do not address the issues raised in the reply brief, and we find that Williams has failed to brief any issues for appeal. *See Grant v. Cuellar*, 59 F.3d 523, 525 (5th Cir. 1995).

We lack jurisdiction over some aspects of Williams's appeal, and as to those contentions over which we may exercise jurisdiction, the appeal is without arguable merit and is frivolous. *See Howard v. King*, 707 F.2d 215, 219-20 (5th Cir. 1983). Moreover, in 2007, Williams was warned "that any future attempts to evade the requirements for obtaining authorization to file a successive [28 U.S.C.] § 2255 motion may result in the imposition of sanctions against him." *United States v. Williams*, No. 07-40299, 2 (Dec. 11, 2007) (unpublished order denying a certificate of appealability). After Williams later failed to obtain authorization to file a successive § 2255 motion, *see In re Williams*, No. 10-40643, 1-2 (5th Cir. Oct. 5, 2010) (unpublished order), he filed the petition for audita querela, in which he raised a contention identical to that

presented in the motion for authorization. By doing so, Williams attempted to evade the requirements for obtaining authorization to file a successive § 2255 motion.

IT IS ORDERED that a monetary sanction of $100 is imposed, payable to the clerk of this court. IT IS FURTHER ORDERED that, until that sanction is paid in full, the clerk of this court and the clerks of all federal district courts within this circuit are directed to refuse any pro se appeals or initial pleadings challenging the validity of his conviction and sentence, whether those challenges are filed as motions pursuant to § 2255, habeas corpus petitions pursuant to 28 U.S.C. § 2241, petitions for audita querela or coram nobis relief, or any other vehicle for relief, unless he first obtains the written authorization of a judge of the forum court to file the action or appeal in question. Williams is subject to additional sanctions for any additional frivolous filings. He is cautioned to review any pending matters and to move to dismiss any that are frivolous.

Finally, Williams requests that his appeal be held in abeyance pending the issuance of a decision in a case pending in the Supreme court. That motion is DENIED as moot, as the decision has issued, *Alleyene v. United States*, No. 11-9335 (U.S. June 17, 2013). That decision does not alter the requirements for audita querela relief or change the interplay between that type of relief and the relief available by a successive habeas petition.

APPEAL DISMISSED; SANCTIONS IMPOSED.