# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 16-40455
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
August 4, 2017

Lyle W. Cayce
Clerk

JOHN RANDALL MORROW, JR.,

Plaintiff-Appellee

v.

TANYA MORROW,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 4:16-CV-27

Before DAVIS, CLEMENT, and OWEN, Circuit Judges.

PER CURIAM:[*]

Appellant Tanya Morrow moves for leave to proceed in forma pauperis (IFP) in her appeal of the district court's remand of her case to state court, which was based on the grounds that the notice of removal was untimely and that the court lacked subject matter jurisdiction. Gregory Roberts has moved for leave to file a brief as *amicus curiae* on behalf of the Families Civil Liberties Union in support of Morrow.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-40455

By moving to proceed IFP in this court, Morrow is challenging the district court's certification that her appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997). This court's inquiry into whether an appeal is taken in good faith "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). If the court upholds the district court's certification decision, the appellant must pay the filing fee or the appeal will be dismissed for want of prosecution. *Baugh*, 117 F.3d at 202. Alternatively, this court may dismiss the appeal sua sponte if it is frivolous. *Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2.

As a threshold matter, this court must determine whether it has jurisdiction to entertain Morrow's appeal. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Because the removal in this case was effected under 28 U.S.C. § 1443, the general prohibition against reviewing remand orders does not apply herein. *See* 28 U.S.C. § 1447(d). However, "the timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Federal courts lack the authority to create equitable exceptions to jurisdictional requirements, and an appeal that "has not been prosecuted . . . within the time limited by the acts of Congress . . . must be dismissed for want of jurisdiction." *Bowles*, 551 U.S. at 213-14.

Morrow's notice of appeal, filed on March 28, 2016, is untimely from the remand order that was entered on February 22, 2016. *See* FED. R. APP. P. 4(a)(1)(A) (a party must file a notice of appeal in a civil case within 30 days of the order appealed from). There is no basis to construe the motion as a motion for extension of time under Federal Rule of Appellate Procedure 4(a)(5). Accordingly, her IFP motion is denied, and her appeal is dismissed for lack of jurisdiction. *See Bowles*, 551 U.S. at 214.

No. 16-40455

The motion of Gregory Roberts for leave to file a brief as *amicus curiae* on behalf of the Families Civil Liberties Union is denied as moot.

APPEAL DISMISSED; MOTIONS DENIED.