# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-20414
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

April 18, 2018

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff–Appellee,

v.

SHAMARION LYNETTE GRAVES,

Defendant–Appellant.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CR-354-1

Before JOLLY, OWEN, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Shamarion Lynette Graves appeals from the revocation of her probation. The Federal Public Defender (FPD) appointed to represent Graves has moved for leave to withdraw and has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Graves has not filed a response. In revoking Graves's probation, the district court imposed a six-month term of imprisonment and no

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-20414

term of supervised release.  Prior to the filing of the FPD's motion to withdraw, Graves was released from prison.

This appeal requires us to examine sua sponte the basis of our jurisdiction.  *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987).  Article III, Section 2, of the Constitution limits federal court jurisdiction to actual cases and controversies.  *Spencer v. Kemna*, 523 U.S. 1, 7 (1998).  The case-or-controversy requirement demands that "some concrete and continuing injury other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained."  *Id.* Because Graves has completed the entire sentence imposed for her probation revocation, there is no case or controversy for us to address.  *See id.* at 8; *United States v. Hines,* 425 F. App'x 343 (5th Cir. 2011).

For the foregoing reasons, this appeal is DISMISSED as moot, and the FPD's motion to withdraw is DENIED as unnecessary.