# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-11333

United States Court of Appeals
Fifth Circuit

**FILED**
January 17, 2019

Lyle W. Cayce
Clerk

ALISHA MORRIS-O'BRIEN,

Plaintiff - Appellant

v.

CORPORAL ENDICOTT; BEN; JACKIE; COLLEEN BOOKER; LAWRENCE
HURTT; KACIE HARVEY; LUBBOCK CHILDREN'S HOME; LAWANAD
DIXSON; STATE OF TEXAS; SHAWN VANDERGUTT; KARA DARNELL;
AMY PATTON; SHEREE RUSSEL; SAMUAL CUMMING; DEPARTMENT
OF FAMILY AND PROTECTIVE SERVICES; SUSAN BROWN; JUDITH
MADERA; KAY CABBRELLO; CLARENCE WHITE; TONYA BROUCHER
CONN; 7TH COURT OF APPEALS; UNITED STATES MARSHALL'S
OFFICE; POLICE DEPARTMENT OF LUBBOCK; BEN BOOKER,

Defendants - Appellees

Appeals from the United States District Court
for the Northern District of Texas
USDC No. 5:17-CV-130

Before DENNIS, GRAVES, and COSTA, Circuit Judges.

PER CURIAM:[*]

Alisha Morris-O'Brien, Lubbock County Detention Center inmate
# 111041, moves to proceed in forma pauperis (IFP) from the dismissal of her

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

civil rights complaint and the denial of her motion to seal. As a threshold matter, Morris-O'Brien's notice of appeal was filed four months after the district court's order dismissing her complaint. This court must sua sponte examine the basis of its jurisdiction if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Because Morris-O'Brien's appeal is untimely as to the dismissal of the complaint, this court lacks jurisdiction over it. *See Hamer v. Neighborhood Hous. Servs. of Chicago*, 138 S. Ct. 13, 16 (2017); *Bowles v. Russell*, 551 U.S. 205, 214 (2007); 28 U.S.C. § 2107(a). Moreover, Morris-O'Brien's appeal of the denial of the motion to seal is frivolous. Accordingly, her motion for leave to proceed IFP on appeal and motion to stay district court proceedings are DENIED. Morris-O'Brien's appeal of the dismissal of her complaint is DISMISSED for lack of jurisdiction. *See Hamer*, 138 S. Ct. at 16. Her appeal of the denial of her motion to seal is DISMISSED as frivolous. Morris-O'Brien's motions to supplement the record, motion to place medical records under seal, motion for summary judgment, and motion for all damages are DENIED.

As we recognized on September 10, 2018, Morris-O'Brien has accumulated at least three strikes for purposes of 28 U.S.C. § 1915(g). *Morris v. Lubbock County Detention Center*, 737 F. App'x 213, 214 (5th Cir. 2018); *Morris v. Texas Boys Ranch*, 737 F. App'x 216, 217 (5th Cir. 2018); *Morris v. L.C.D.C.*, 737 F. App'x 218, 219 (5th Cir. 2018). We have not applied the § 1915(g) bar here because Morris-O'Brien filed this appeal before the accumulation of three strikes. *See* § 1915. However, we reiterate that Morris-O'Brien is barred under § 1915(g) from proceeding IFP in any civil action or appeal filed while she is incarcerated or detained in any facility unless she is under imminent danger of serious physical injury. *See id.*