# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 17-30958

United States Court of Appeals
Fifth Circuit

**FILED**
October 4, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

QUENSHEY N. MITCHELL, also known as Rafiki Smith, also known as Q. Mitchell, also known as Cuz Mitchell,

Defendant-Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:16-CV-15552
USDC No. 2:10-CR-297-1

Before SMITH, COSTA, and HO, Circuit Judges.

PER CURIAM:[*]

Quenshey N. Mitchell, federal prisoner # 31841-034, was convicted by a jury of conspiracy to distribute and to possess with intent to distribute heroin, conspiracy and aiding and abetting in the murder of a cooperating witness for purposes of witness tampering and retaliation against the witness, and conspiracy to obstruct an official proceeding. He was sentenced to life

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30958

imprisonment on all counts, except the conspiracy to obstruct an official proceeding, for which he received a concurrent prison term of 240 months. The court also imposed supervised release for 10 years and restitution of $18,000.00. He moves for a certificate of appealability (COA) to appeal from the denial of his 28 U.S.C. § 2255 motion.

This court must examine the basis of its jurisdiction on its own motion if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir.1987). In a civil case, the timely filing of a notice of appeal is a jurisdictional requirement. *Bowles v. Russell*, 551 U.S. 205, 213 (2007). Because the Government was a party in the case, Mitchell had 60 days from the entry of judgment to file a timely notice of appeal. FED. R. APP. P. 4(a)(1)(B). "If an inmate files a notice of appeal in either a civil or a criminal case, the notice is timely if it is deposited in the institution's internal mail system on or before the last day for filing." FED. R. APP. P. 4(c)(1). The 60-day period for Mitchell to file a timely notice of appeal from the June 15, 2017 entry of the § 2255 judgment expired on August 14, 2017. Given the district court's determination that Mitchell did not deposit his notice of appeal in the prison mail system until November 28, 2017, his appeal is untimely. Accordingly, we lack jurisdiction in this case. *See Bowles*, 551 U.S. at 214.

Mitchell has filed an additional notice of appeal from the district court's order denying Mitchell's motion for reconsideration of the district court's order on limited remand. However, we retained our jurisdiction over Mitchell's appeal when we ordered a limited remand to the district court for fact finding, and we did not empower the district court to render a final decision. *See United States v. Cessa*, 861 F.3d 121, 143 (5th Cir. 2017). Accordingly, neither the district court's order on limited remand nor the order denying reconsideration

No. 17-30958

of the same qualifies as a final decision that is appealable in this court. *See* 28 U.S.C. § 1291; *Martin v. Halliburton*, 618 F.3d 476, 481-83 (5th Cir. 2010).

The appeal is therefore DISMISSED for lack of jurisdiction. The motion for a COA is DENIED as moot.