# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 11, 2021

Lyle W. Cayce
Clerk

No. 20-10132

Tyrone Jamaal Williams,

*Plaintiff—Appellant*,

*versus*

Hunt County, Texas Sheriff Department; Sergeant Messick; Hunt County, Texas Sheriff Office Classification/Administration Department; Randy Meeks, *Hunt County, Texas Sheriff*; Captain Sherman; Nurse Jana, *Hunt County, Texas Sheriff Department Head of the Medical Department*; Transport Officer Ackers; Nurse Angela, *Hunt County, Texas Sheriff Office Medical Officer*; Sergeant Lunsford, *Hunt County, Texas Sheriff Department Officer*; Lieutenant Stroud, *Hunt County, Texas Sheriff Officer*,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:17-CV-3264

No. 20-10132

Before DENNIS, SOUTHWICK, and ENGELHARDT, *Circuit Judges*.

PER CURIAM:*

Tyrone Jamaal Williams, then a pretrial inmate detained at the Hunt County Detention Center in Greenville, Texas, filed a 42 U.S.C. § 1983 lawsuit against the Sheriff's Department of Hunt County and various prison officials. He now moves for leave to proceed in forma pauperis (IFP) in this appeal. By moving this court for leave to proceed IFP, Williams is challenging the district court's determination that his appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

"This court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). An untimely notice of appeal in a civil case deprives this court of jurisdiction. *Bowles v. Russell*, 551 U.S. 205, 213-14 (2007). Because Williams did not file a timely notice of appeal from the district court's judgment dismissing his § 1983 lawsuit for failure to state a claim, this court lacks jurisdiction over the instant appeal. *See id.*; FED. R. APP. P. 4(a)(1)(A).

Accordingly, the appeal is DISMISSED for lack of jurisdiction. The IFP motion is DENIED as moot.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.