# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2022

Lyle W. Cayce
Clerk

No. 20-30742

CHRISTOPHER BUCKENBERGER; DAVID MARX,

*Plaintiffs—Appellants*,

*versus*

LOUISIANA STATE PENITENTIARY; LOUISIANA EXECUTIVE
BRANCH; JOHN BEL EDWARDS, *Employ Gov. Louisiana*; JAMES
LEBLANC, *Secretary LA DPS&C*; TIM HOOPER, *Warden, Louisiana
State Penitentiary*; UNIDENTIFIED PARTIES,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:20-CV-285

Before ELROD, OLDHAM, and WILSON, *Circuit Judges*.

PER CURIAM:*

Christopher Buckenberger, Louisiana prisoner # 102343, and David
Marx, Louisiana prisoner # 619061, have filed a motion for authorization to
proceed *in forma pauperis* (IFP) on appeal from the district court's order

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this
opinion should not be published and is not precedent except under the limited
circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30742

dismissing their 42 U.S.C. § 1983 complaint. By moving in this court to proceed IFP, they are challenging the district court's certification pursuant to 28 U.S.C. § 1915(a)(3) and Federal Rule of Appellate Procedure 24(a)(3)(A) that any appeal would not be taken in good faith because, as explained in the final judgment, they had not exhausted their administrative remedies. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

As an initial matter, we must examine the basis of our jurisdiction, *sua sponte*, if necessary. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). The appellants filed a timely joint notice of appeal from the final judgment. However, Buckenburger's separate notice of appeal from the district court's denial of his motion for reconsideration of the final judgment was not timely filed. *See* FED. R. APP. P. 4(a)(1)(A); 28 U.S.C. § 2107(c). Accordingly, his appeal from the denial of the motion for reconsideration is DISMISSED for lack of jurisdiction. *See Bowles v. Russell*, 551 U.S. 205, 214 (2007).

Our inquiry into the appellants' good faith with regard to their appeal from the district court's final judgment "is limited to whether the appeal involves legal points arguable on their merits (and therefore not frivolous)." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). Buckenburger and Marx have not presented any argument in their IFP motion regarding the dismissal of their claims for failure to exhaust. By failing to discuss the reason for the district court's certification decision and the underlying dismissal of their § 1983 action, they have abandoned any challenges they might have raised. *See Brinkmann v. Dallas Cty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987). They have not identified any nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 219–20. The motions filed by Buckenburger and Marx for leave to proceed IFP on appeal are DENIED. The appeal from the district court's dismissal of their § 1983 complaint is DISMISSED as frivolous, *see* 5TH CIR. R.

42.2; *see also Baugh*, 117 F.3d at 202 n.21, but will not be counted against appellants as a strike.

Marx has had at least one prior civil action dismissed on grounds that constitute a strike for purposes of § 1915(g). *See Marx v. Louisiana State Police*, No. 17-30290, ECF 17-30290, 34, 3 (5th Cir. April 20, 2018) (unpublished). Marx is WARNED that if he accumulates three strikes, he will not be able to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g). Buckenburger is reminded that, because he has accumulated at least three strikes under § 1915(g), he is barred from proceeding IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* § 1915(g).