# United States Court of Appeals
# for the Fifth Circuit

---

No. 21-20554
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
November 4, 2022

Lyle W. Cayce
Clerk

Jake Anthony English,

*Plaintiff—Appellant*,

*versus*

Aramark Corporation; Aramark Correctional Services, L.L.C.,

*Defendants—Appellees*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-1585

---

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Jake Anthony English, then an inmate in the Texas penal system, filed a complaint alleging a violation of the Texas Deceptive Trade Practices Consumer Protection Act, Tex. Bus. & Com. Code §§ 17.41-17.63, that

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

caused personal injuries. The district court granted the defendant's motion for summary judgment and dismissed the complaint. On appeal, we ordered a limited remand to determine whether diversity jurisdiction existed. On remand, the district court issued an order concluding that diversity jurisdiction existed. Subsequently, we affirmed the district court's judgment on the merits.

English filed a notice of appeal from the district court's order on limited remand. He argues that the district court was required to dismiss the case for lack of subject matter jurisdiction if the facts underlying diversity jurisdiction were not established at the time the lawsuit was filed and at the time the motion for summary judgment was granted. In addition, English has filed numerous motions, including two motions for judicial notice, a motion to remand the case to the district court, a motion for leave to file a supplemental brief, and a motion for leave to file a reply brief out of time.

"This Court must examine the basis of its jurisdiction, on its own motion, if necessary." *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). Generally, we possess jurisdiction to review only a district court's final decisions. *See* 28 U.S.C. § 1291; *Martin v. Halliburton*, 618 F.3d 476, 481-83 (5th Cir. 2010). By ordering only a limited remand to the district court for the sole purpose of making a specific finding as to the existence of diversity jurisdiction, we retained jurisdiction over English's original appeal and did not empower the district court to render a new final decision. *See United States v. Cessa*, 861 F.3d 121, 143 (5th Cir. 2017). Accordingly, the district court's order on limited remand does not qualify as a final decision that is appealable. *See* § 1291; *Martin*, 618 F.3d at 481.

In light of the foregoing, this appeal is DISMISSED for lack of jurisdiction, and English's motions are DENIED as moot.