# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-40451
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

May 18, 2023

Lyle W. Cayce
Clerk

Eric Watkins,

*Plaintiff—Appellant*,

*versus*

Weston L., *Disciplinary Hearing Office, Beaumont Federal Correctional Complex-Medium*,

*Defendant—Appellee.*

———————————————————————

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:12-CV-18

———————————————————————

Before Higginbotham, Graves, and Ho, *Circuit Judges*.

Per Curiam:[*]

Eric Watkins, former federal prisoner # 55630-004, proceeding pro se and in forma pauperis (IFP), filed a complaint pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). The district court dismissed the complaint for failure to state a claim upon which

———————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

relief may be granted, finding that *Bivens* did not afford a cause of action. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). Watkins challenges that decision.

As a threshold matter, this court must determine whether it has jurisdiction to entertain Watkins's appeal. *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987). "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007). Where, as here, one of the parties is a current or former "United States officer or employee" sued in an official or individual capacity, an appellant in a civil case has 60 days from the entry of judgment to file a notice of appeal. FED. R. APP. P. 4(a)(1)(B)(iii)-(iv). The district court entered its judgment dismissing Watkins's complaint on Monday, May 16, 2022. The 60-day time period for filing an appeal expired on Friday, July 15, 2022. *See* FED. R. APP. P. 4(a)(1)(B). Watkins's notice of appeal was docketed on July 18, 2022, the next Monday, and, therefore, it was untimely. *See id.*; *see also* FED. R. APP. P. 26(a)(1).

As Watkins's notice of appeal is untimely, his appeal is DISMISSED for lack of jurisdiction. *See* FED. R. APP. P. 4(a)(1)(B); *Bowles*, 551 U.S. at 213-14.