# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

October 24, 2024

Lyle W. Cayce
Clerk

—————————

No. 24-40036
Summary Calendar

—————————

United States of America,

*Plaintiff—Appellee*,

*versus*

Lori Garay,

*Defendant—Appellant*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:20-CR-841-1

_____

Before Jones, Duncan, and Douglas, *Circuit Judges*.

Per Curiam:*

Lori Garay, federal prisoner # 17185-579, moves for leave to proceed in forma pauperis (IFP) on appeal. She purports in her appellant's brief to challenge three separate orders—entered by the district court on November 8, 2023, November 28, 2023, and February 12, 2024—denying three different 18 U.S.C. § 3582(c)(2) motions for a sentence reduction based on

_____

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-40036

Amendment 821 to the Sentencing Guidelines. However, we have jurisdiction to review only the denials of Garay's first two § 3582(c)(2) motions since she had not even filed the third motion at the time that she filed her notice of appeal. *See* FED. R. APP. P. 4(b)(1)(A)(i) (providing that notice of appeal must be filed after entry of order being appealed); *Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) (holding that this court must consider basis for its jurisdiction, sua sponte, if needed).

Garay did not raise in either of her first two § 3582(c)(2) motions any of the arguments that she now makes regarding her entitlement to relief under the 18 U.S.C. § 3553(a) factors, and we therefore will not consider them. *See United States v. Thompson*, 984 F.3d 431, 432 n.1 (5th Cir. 2021); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999). Because we lack jurisdiction as to the denial of Garay's third § 3582(c)(2) motion, and because Garay's remaining arguments raised for the first time on appeal are not properly before the court, she fails to show that her appeal will involve a nonfrivolous issue. Accordingly, we DENY the IFP motion, DISMISS the appeal in part for lack of jurisdiction, and DISMISS the appeal in remaining part as frivolous. *See Baugh v. Taylor*, 117 F.3d 197, 202 n.24 (5th Cir. 1997); *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983); *In re Kite*, 710 F. App'x. 628, 633 (5th Cir. 2018); 5TH CIR. R. 42.2.